## SWEET v. SHREVE.

1. Vendor and Purchaser—Fraudulent Contract—Constructive Fraud.

   Generally, when vendor signs new contract, substituted for earlier agreement and differing materially in its terms through increasing price and down payment, though balance due and unpaid remains same, and new contract is used as device to defraud innocent third party, vendor is guilty of constructive fraud, regardless of innocence of his intentions.

2. Limitation of Actions—Exchange of Property—Fraud—Injury to Person or Property.

   Action for fraud in exchange of real estate is one for recovery of damages as result of fraudulent representations, and does not constitute one for injuries to person or property within meaning of 3 Comp. Laws 1929, § 13976, subd. 2, requiring action to be brought within three years.

3. Same—General Provisions of Limitation Statute.

   Where damages claimed are not for injuries to specific property, subdivision 2 of 3 Comp. Laws 1929, § 13976, requiring action to be brought within three years, is not applicable, but action may be brought within six years under general provisions of said section.

Appeal from Kalamazoo; Simpson (John), J., presiding. Submitted January 12, 1933. (Docket No. 72, Calendar No. 36,957.) Decided April 4, 1933.

Case by Ralph W. Sweet and another against Fred E. Shreve and others for damages for fraud in the exchange of real estate. Verdict and judgment for plaintiffs against defendants Hoekstra and Richardson. Defendant Richardson appeals. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman (Carl E. Hoffman,* of counsel), for plaintiffs.

*Mason & Sharpe,* for defendant Richardson.

BUTZEL, J.  Fred E. and Anna Shreve entered into an executory contract for the purchase of property in Kalamazoo, used and occupied as a boarding house.  The contract called for a total purchase price of $25,000, a down payment of $3,000, and monthly payments of $150, with interest at 7 per cent.  Jerrie A. Richardson purchased the vendor's interest in this contract.  In the course of the following year, the vendees fell approximately four months in arrears, and Richardson insisted that they either pay up or sell out and make a settlement.

The vendees thereupon enlisted the services of Samuel Hoekstra, a real estate dealer, who interested Ralph W. and Verna L. Sweet in the property by misrepresenting its value and earning power. Hoekstra told them that the property had been purchased for $32,000, and that a down payment of $10,000 had been made.  Richardson, the vendor's assignor, helped to carry out the deception by signing a new contract in which $7,000 was added to both the purchase price and down payment.  The Shreves thereupon traded their equity, represented as $10,000, for property belonging to the Sweets and consisting of a 40-acre farm, its stock and equipment, in Allegan county, an 80-acre farm in Barry county, and a cottage and two lots on West Lake in Kalamazoo county, subject to incumbrances on each parcel aggregating $2,700.  The new contract ran directly from Richardson to the Sweets.  Except for the padding of the purchase price and down payment and the insertion of a clause, at the request of Richardson, permitting him to place a mortgage on the property, the new contract did not differ substantially from the former one which had been surrendered by the Shreves.  The new contract was signed by the Sweets before Richardson saw it.  He had no

direct contact with them until some time later. The testimony bears out his claim that he was not guilty of any wrongful conduct except the constructive fraud which resulted from his signing the contract with padded amounts of purchase price and down payment. There is testimony that Richardson desired that a new contract be drawn, and he consented to a padding of the stated amounts. The record shows that, some time later, he expressed himself to the Sweets in no uncertain language about his foolishness in having signed the padded contract. He was guilty of a constructive fraud. As a rule, when a vendor signs a new contract, substituted for an earlier agreement and differing materially in its terms through increasing the price and down payment, though the balance due and unpaid remains the same, and the new contract is used as a device to defraud an innocent third party, the vendor is guilty of a constructive fraud, regardless of the innocence of his intentions. See *Hall-Doyle Equity Co.* v. *Crook,* 245 Mich. 24; *Holbrook* v. *Blick,* 256 Mich. 396.

The testimony is somewhat conflicting as to when the Sweets first discovered the fraud that was perpetrated upon them. There is but little doubt that the Sweets were deceived, that they paid for the property an amount far in excess of its real value, and that the contract, as exhibited to them, was largely instrumental in perpetration of the fraud. Richardson alone appeals from the judgment rendered against him and Hoekstra, the agent. In addition to other defenses, he claims that the action was outlawed because over three years elapsed since the fraud occurred. He contends that the action is one based on injury to property and must be brought within the three-year period prescribed by subsec-

tion 2 of 3 Comp. Laws 1929, § 13976. There is testimony to show that the fraud was not discovered until within a year and a half prior to the bringing of the suit.

Furthermore, we do not believe that the present action constitutes one for injuries to person or property. It is a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants. Previous Michigan decisions have assumed that actions for fraud are covered by the general six-year limitation in section 13976. See *Holman* v. *Moore*, 259 Mich. 63, 68; *Ramsey* v. *Child, Hulswit & Co.*, 198 Mich. 658, 667; *Armstrong* v. *Rachow*, 205 Mich. 168, 179. While there are some authorities in other jurisdictions to the contrary, and it may be claimed that the precise point here involved was not carefully considered in the cases cited, we believe the correct rule to be that, where the damages claimed are not for injuries to specific property, subsection 2 of 3 Comp. Laws 1929, § 13976, does not apply, but the action may be brought within the general six-year provisions in 3 Comp. Laws 1929, § 13976.

Objections made to the court's refusal to accept certain of defendants' requests to charge were without merit. Plaintiffs recovered a judgment for $7,300, which is affirmed, with costs to plaintiffs.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, and WIEST, JJ., concurred. SHARPE, J., did not sit.