CASE v GOREN

1. EQUITY—RESCISSION—NOTICE—LACHES.

An action in equity seeking rescission of a contract in addition to damages is barred by the doctrine of laches where plaintiff delays 3-1/2 years in bringing his cause of action, without any extenuating circumstances, after receiving adequate notice that the financial condition of the company he had invested in had been misrepresented to him, and later receiving confirmation of the misrepresentation by the results of an analysis of the company made by his own certified public accountant.

2. LIMITATION OF ACTIONS—ORAL CONTRACT—FRAUD IN THE INDUCEMENT—TORT ACTION.

The six-year statute of limitations on actions to recover damages for breach of contract does not apply to a cause of action on a transaction whereby defendant orally agreed to sell and plaintiff orally agreed to buy certain stock at a bargained-for price, if no actual breach of the contract is shown; any fraudulent misrepresentations as to the actual value of the stock constitutes fraud in the inducement to make the contract and must be considered an actionable wrong sounding in tort (MCLA 600.5807[8]).

3. LIMITATION OF ACTIONS—INJURY TO PERSON OR PROPERTY—FRAUDULENT MISREPRESENTATION.

The three-year statute of limitations on actions to recover damages for injuries to persons and property does not apply to an action for damages from fraudulent misrepresentation of the expectation of profitability and the value of a business concern, since the type of injury referred to in the statute is visible, tangible, or physical injury in the classic tort sense of the word (MCLA 600.5805[7]).

4. LIMITATION OF ACTIONS—EXPRESS CONTRACT—INJURY TO PERSON OR PROPERTY.

The considerations involved in determining which statute of

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Equity § 152 *et seq.*
[2] 51 Am Jur 2d, Limitation of Actions § 100.
[3–6] 51 Am Jur 2d, Limitation of Actions § 135 *et seq.*

limitation should apply to a cause of action include whether the allegation deals with an express contract, the nature of the injury, and the substance of the pleading; if an express contract exists, the six-year statute will apply, but if the action is in tort involving injury to person or property or alleges an implied contract, the three-year statute will apply, and a party cannot allege an action involving injury to persons or property as being based upon an implied contract for the purpose of invoking the longer six-year statute (MCLA 600.5805[7], 600.5807[8]).

5. LIMITATION OF ACTIONS—FRAUDULENT MISREPRESENTATION—EXPRESS CONTRACT—INJURY TO PERSON OR PROPERTY.

An action for fraudulent misrepresentation is covered by the general six-year statute of limitations where there is no injury to person or property nor breach of an express contract (MCLA 600.5805[7], 600.5807[8], 600.5813).

6. FRAUD—MISREPRESENTATION—FAILURE OF CONSIDERATION.

The real nature of an action based upon an implied contract between a plaintiff and defendant alleging failure of consideration because of a fraudulent misrepresentation, where no breach of a particular provision of the contract can be shown, is one sounding in tort, since the failure of consideration relates to the alleged fraud in the misrepresentation rather than to an express breach of the contract.

Appeal from Oakland, William Hampton, J. Submitted Division 2 October 4, 1972, at Detroit. (Docket No. 12333.) Decided November 27, 1972.

Complaint by Earl Case against Ralford Goren, John Swanson and Jane Swanson for fraudulent misrepresentation. Accelerated judgment for defendants. Plaintiff appeals. Affirmed in part and reversed in part.

*Hammond, Ziegelman, Tennent, Merrill & Satiroff,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip* (by *Robert S. Krause),* for defendants John Swanson and Jane Swanson.

*Butzel, Levin, Winston & Quint* (by *Douglas Graham),* for defendant Ralford Goren.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

FITZGERALD, J. Plaintiff appeals from an order granting defendants' motion for accelerated judgment. Against a backdrop of complaint, amended complaint and second amended complaint, we will define the nature of the right sought to be enforced, determine the applicable statute of limitations, and decide the equitable relief, if any, available to the plaintiff. The network of factual and procedural occurrences involved requires a chronological accounting.

In December 1966 and January 1967, defendants, owners and managers of a company known as Detroit Steel Joist Company (hereinafter referred to as Detroit) made certain allegedly fraudulent misrepresentations to plaintiff regarding the profitable nature of Detroit's financial activity. The net worth of the company was reported as being $48,000 and $76,000 on the final days of November and December respectively. On March 17, 1967, in reliance upon these alleged misrepresentations, plaintiff purchased stock in Detroit in the amount of $15,000. Plaintiff later allegedly expended an additional $15,000 attempting to remedy the financial plight Detroit had been experiencing.

On May 15, plaintiff requested the bookkeeper of his own business in Kankakee, Illinois, to conduct a financial analysis of Detroit. The results indicated a deficit net worth of over $90,000. Concerned about the accuracy of defendants' representation of Detroit's financial condition, plaintiff discussed the matter with defendant Jane Swanson,

Detroit's bookkeeper who had prepared the financial statements. Defendant Swanson contended plaintiff's bookkeeper must have erred and gave further assurances that her own financial statements were accurate. In September 1967, plaintiff employed Richard Wiseman, a certified public accountant, to conduct a certified audit of Detroit. His investigation revealed a deficit net worth of $125,000 as of March 31, 1967.

Plaintiff filed his initial complaint three years later, on September 24, 1970, on the basis of fraudulent misrepresentation. Sought were damages of $15,000 for the purchase of stocks; $15,000 advanced to creditors of Detroit; and $150,000 damage to his previous reputation for good credit.

The procedural panoply then developed. Defendants joined in a motion for accelerated judgment contending plaintiff's cause of action was barred by the three-year statute of limitations as promulgated in MCLA 600.5805(7); MSA 27A.5805(7). At a hearing held February 10, 1971, the Court categorized the complaint as one seeking damages for injury to person and property, and accordingly found the action barred by the three-year statute of limitation.

Plaintiff filed an amended complaint within 20 days claiming two counts. Count 1 alleged for the first time breach of contract and requested rescission as to the $15,000 stock purchase as well as $165,000 in damages. Count 2 consisted of a restatement of the fraudulent misrepresentation of charges barred earlier by the three-year statute of limitation.

Defendants again joined in a motion for accelerated judgment. They contended rescission was unavailable to plaintiff in Count 1, asserting as a defense the doctrine of laches. Defendants further

contended that the issue raised in Count 2 was previously decided in the court's order following the hearing of February 10, 1971, and was therefore res judicata. The court's order of June 4, 1971, held the action for rescission in Count 1 barred by the doctrine of laches and considered the order of the February 10 hearing res judicata as to Count 2. Plaintiff was again granted 20 days in which to file an amended complaint.

Plaintiff's second amended complaint of June 7, 1971, contained three counts. Counts 1 and 2 were identical to those appearing in the first amended complaint; Count 3 sought damages of $180,000, alleging that an implied contract existed between plaintiff and defendants with respect to the purchase of the stock and that defendants breached this implied contract. Defendants again joined in a motion for accelerated judgment contending Counts 1 and 2 were res judicata and Count 3 barred by the three-year statute of limitation set forth in MCLA 600.5805(7); MSA 27A.5805(7).

On July 20, 1971, the court dismissed plaintiff's second amended complaint with prejudice. The court's prior rulings were adjudged res judicata as to Counts 1 and 2. A cause of action advanced in Count 3 was found barred by the three-year statute of limitation pursuant to MCLA 600.5805(7); MSA 27A.5805(7).

Three sections of the Michigan statutes are relevant to this matter. They are:

MCLA 600.5805(7); MSA 27A.5805(7):

"The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

MCLA 600.5807(8); MSA 27A.5807(8):

"The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

MCLA 600.5813; MSA 27A.5813:

"All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

Our analysis requires a judgment as to which of the three provisions, if any, should be applied to the counts raised by plaintiff in the second amended complaint. We discuss each count separately.

Count 1 seeks the equitable remedy of rescission in addition to damages for money paid to Detroit's creditors and damages to plaintiff's credit reputation. We agree with the trial court's ruling that plaintiff delayed bringing his cause of action sufficiently to invoke the equitable doctrine of laches. Plaintiff purchased the stock in March of 1967. In May 1967, plaintiff was given adequate notice that the financial condition of Detroit had been misrepresented to him. Even if a reasonably prudent man would not have become suspicious at this point, the analysis by his appointed certified public accountant in September 1967 clearly confirmed the fact that plaintiff had been the victim of a fraudulent misrepresentation. However, it was not until March 1, 1971, 3-1/2 years later, that rescission was requested. There are no extenuating circumstances explaining this delay. Plaintiff appears to have shifted the risk of his investment onto Detroit, participating in the profits had Detroit been financially successful, yet reserving the right to rescind in the event that financial setbacks were suffered. We find this conduct contrary to the basic

tenets of equity. 10 Callaghan's Michigan Civil Jurisprudence, Fraud and Undue Influence, § 93, p 508, states:

"Nevertheless, once an aggrieved party has discovered the fraud perpetrated upon him, he must use diligence to obtain redress promptly, or within some reasonable time after discovery. But this rule does not require him to rescind before he is reasonably certain that he has been defrauded. It is sufficient if the defrauded party acts with reasonable promptness after learning of the fraud. What constitutes reasonable promptness depends upon the circumstances of the particular case.

"Although the law tolerates no fraud, it frequently permits time to operate as a bar to its assertion. In proceedings at law, the statute of limitations will bar recovery while the doctrine of laches accomplishes the same result in an equitable proceeding."

The Michigan Supreme Court addressed this point in *Speicher v Thompson,* 141 Mich 654 (1905). Plaintiffs obtained control of a milling operation in addition to receiving stock in the company in exchange for a parcel of land. After learning of the fraudulent misrepresentation of the stock value, plaintiffs continued to operate the mill for five months and were subsequently barred from recovery by the doctrine of laches.

In *Schliska v Ross,* 230 Mich 225, 233 (1925), the defense of laches was again upheld. The Court stated:

"It is strongly urged by defendants' counsel that plaintiffs were guilty of such laches as precludes their right to rescind and bars their recovery in this suit. In most cases the time within which an action must be begun is fixed by statute. When, however, the aid of a court of equity is sought to relieve a person from a contract procured by fraud, it will not grant such relief unless the party defrauded has proceeded with reasona-

ble promptitude after discovery of the fraud. *Bowen v Stocklin,* 215 Mich 341 [1921]."

Count 2 of the complaint seeks to recover damages for fraudulent misrepresentation. It is here we must determine which of the three statutory provisions is applicable. We agree with the trial court that the six-year period of limitation involving actions to recover damages due for breach of contract is not applicable. The fraudulent misrepresentations present in this case constitute fraud in the inducement to make a contract. Plaintiff is unable to point to any provision of the oral contract evidencing a breach. There existed an oral agreement whereby defendants agreed to sell and plaintiff agreed to buy 50 shares of stock at $300 per share. This stock represents the bargained-for exchange. Any discrepancies in the actual value of the stock and the value as represented to plaintiff must be considered an actionable wrong sounding in tort.

However, we do not agree that the three-year statute of limitation should apply. The authorities advanced by defendants compelling the application of the three-year statute of limitation are all distinguishable in that the injury to persons or property was visible, tangible, or physical damage in the classic tort sense. This type of injury does not exist here. *Fries v Holland Hitch Co,* 12 Mich App 178 (1968), involved a breach of warranty concerning the manufacture of a trailer hitch resulting in damage to a trailer rig. In *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318 (1968), plaintiffs sought damages for the killing of some cattle allegedly caused by an oversupply of electric charges supplied by defendant. *Nelson v Michigan Bean Co,* 22 Mich App 540 (1970), involved damage done to hogs resulting

from the use of a newly devised hog-raising system. Finally, *Harrington v Nelson,* 32 Mich App 347 (1971), dealt with an action to recover damages for injury done to plaintiff's property caused by defendant's removal of dirt and gravel.

The instant case differs from those previously listed. We deal here with fraudulent misrepresentation as to expectation of profitability and of value of the business concern. It would be a strained interpretation indeed to consider the latter as being injury to person or property in the classic tort sense of the word.

Plaintiffs correctly cite *Sweet v Shreve,* 262 Mich 432 (1933), as controlling authority for the applicability of MCLA 600.5813; MSA 27A.5813. *Sweet* involved a suit for fraudulent misrepresentation in connection with the sale of real estate. Invoking the general six-year statute of limitation, the Supreme Court stated at p 435:

"Furthermore, we do not believe that the present action constitutes one for injuries to person or property. It is a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants. Previous Michigan decisions have assumed that actions for fraud are covered by the general six-year limitation in section 13976. See *Holman v Moore,* 259 Mich 63, 68 [1932]; *Ramsey v Child, Hulswit & Co,* 198 Mich 658, 667 [1917]; *Armstrong v Rachow,* 205 Mich 168, 179 [1919]. While there are some authorities in other jurisdictions to the contrary, and it may be claimed that the precise point here involved was not carefully considered in the cases cited, we believe the correct rule to be that, where the damages claimed are not for injuries to specific property, subsection 2 of 3 Comp Laws 1929, § 13976, does not apply, but the action may be brought within the general six-year provisions in 3 Comp Laws 1929, § 13976."

3 Comp Laws 1929, § 13976, as referred to above,

is a predecessor of MCLA 600.5813; MSA 27A.5813.

This holding is consistent with the three governing criteria set forth in *Fries, supra,* which determines the appropriate statute to be applied. The considerations include whether the allegation involved an express contract, the nature of the injury, and the substance of the pleading. The thrust of the *Fries* analysis is as follows: if an express contract exists, the six-year statute will apply; if the action is in tort involving injury to person or property or alleges an implied contract, the three-year statute will apply. To invoke the three-year period, the nature of the injury *must* involve injury to persons or property. The pleadings cannot allege an action involving injury to persons or property as being based upon an implied contract for the purpose of invoking the longer six-year statute of limitation.

Count 2 involves neither an express contract nor injury to person or property. The *Fries* Court went on to say at p 185:

> "We believe that the correct construction of these statutory provisions to be that where the injury is to *specific* property or persons, the 3-year limitation controls. The 6-year period may be thought of as an exception applicable to such actions wherein the injury is occasioned by breach of some express contractual provision." (Emphasis supplied.)

Defendants cite *Lisowek v Bagozzi,* 354 Mich 398 (1958), as being directly dispositive of the applicability of the six-year statute of limitation for breach of contract. A careful reading of the portion of the opinion alluding to this point reveals otherwise. The issues addressed in *Lisowek* were the effect of plaintiff's retention of property fraud-

ulently misrepresented by defendant, the extent of damages recoverable, and the availability of laches as a defense. The Court did not decide which of the periods of limitations was to be applied, but rather stated that the action was brought within the three-year limitation. This conclusion was not carefully considered by the Court. In fact, the question as to which statute of limitation was to apply was not even raised. Defendants' motion for accelerated judgment and a dismissal of plaintiff's second amended complaint should be set aside as to Count 2 to permit an action for fraudulent misrepresentation as permitted by MCLA 600.5813; MSA 27A.5813.

Count 3 seeks damages based upon an implied contract between plaintiff and defendants alleging failure of consideration because of the fraudulent misrepresentation. Our discussion of Count 2 clearly pointed out the absence of any provisions of the oral contract evidencing a breach of contract. We are unable to conform and extend the facts of this case so as to assume the posture of an implied contract. It is precisely this situation that the *Fries* analysis sought to preclude. In discussing the substance of the pleadings, the Court stated in *Fries* at pp 184–185:

"We are compelled by the decisions of the Supreme Court to look to the real nature of the wrong on which the suit is based. Even though the wrong arose by virtue of some implied agreement between the parties, unless that wrong constitutes a breach of some particular provision of that agreement, actions for injury to person or property must be brought within 3 years. *Coates v Milner Hotels, Inc,* 311 Mich 233 (1945); *Baatz v Smith,* 361 Mich 68 (1960), both of which are discussed by Judge Kavanagh in *State Mutual Cyclone Insurance Company, supra,* and further elaboration here is unnecessary."

We have indicated the injury suffered in this case does not fall within the specific type contemplated by the three-year statute of limitation. We do not now provide a remedy for breach of implied contract where plaintiff is unable to show the manner in which the contract was breached. MCLA 600.5813; MSA 27A.5813, is the appropriate statute to be applied. We agree with the trial court's determination that Count 3 is an action sounding in tort. We further agree that the failure of consideration advanced by plaintiff relates not to an express breach of a provision in this contract, but rather relates to the alleged fraud in the misrepresentation.

The dismissal of Counts 1 and 3 is affirmed. The order dismissing Count 2 is reversed so as to permit plaintiff to bring suit against defendants for fraudulent misrepresentation as alleged in Count 2.

Costs to abide outcome.

All concurred.