COATS v UHLMANN

Docket No. 77-767. Submitted June 8, 1978, at Grand Rapids.—Decided December 5, 1978.

Eli Coats and Sarah S. Coats purchased some land from Robert C. Uhlmann and Eleanor A. Uhlmann. The buyers were represented by Russell Klaasen Realtors, Milton Beelen and Roger MacLeod throughout the transaction until the closing on July 8, 1971. The final deed excepted a portion of the land that the buyers thought was to be included. At the closing the realtors misrepresented this exception as a mere license or easement in favor of the sellers. It later became apparent that the sellers were claiming full ownership of the excepted parcel.

The buyers commenced an action against the sellers on July 25, 1972, seeking reformation of the deed. Subsequently, in an amended complaint, the buyers' realtors were added as defendants on November 12, 1975. The amended complaint charged them with failure to apprise the buyers of the true nature of the exception in the deed. The sellers later filed a counter-complaint for damages for interfering with the sellers' attempts to sell the parcel in question to another buyer. The sellers also filed third-party complaints against Klaasen Realty and Beelen and against Francis Seats, doing business as L & F Seats Realty, the real estate agency that represented the sellers in

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 403, 509.

　　37 Am Jur 2d, Fraud and Deceit §§ 317-320.

[2] 37 Am Jur 2d, Fraud and Deceit §§ 102-104.

　　51 Am Jur 2d, Limitation of Actions §§ 102-106.

　　Tort liability for misrepresentation as to area of real property sold or exchanged. 54 ALR2d 660.

[3] 22 Am Jur 2d, Damages § 236 et seq.

　　Power of equity court to award exemplary or punitive damages. 48 ALR2d 947.

[4, 5] 7 Am Jur 2d, Attorneys §§ 184-187.

　　51 Am Jur 2d, Limitation of Actions §§ 102-106.

　　61 Am Jur 2d, Physicians and Surgeons §§ 181-185.

[5] Statute of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

the transaction, seeking a judgment for all sums that might be judged to be due to the buyers from the sellers.

Ottawa Circuit Court, Calvin L. Bosman, J., found that the buyers' realtors had acted as agents for the buyers and had negligently misrepresented the nature of the deed exception, but held the plaintiffs' claim against their realtors to be barred by the two-year statute of limitations for malpractice. The plaintiffs appeal. *Held:*

The plaintiffs' action against their realtors was clearly a personal action but not one for damages for injuries to persons or property, and was, therefore, subject to a six-year statute of limitations. The statute of limitations applicable to malpractice applies to actions against licensed professionals only and not licensed occupations. Thus, the action was timely.

Reversed and remanded.

1. CONTRACTS—TORTS—PROPERTY—DEEDS—EXCEPTIONS IN DEED—
   NEGLIGENT MISREPRESENTATIONS—REALTORS.

   Negligent misrepresentation by a realtor of an exception in a deed conveying property to a buyer represented by the realtor is a breach of contract as well as a tort.

2. LIMITATION OF ACTIONS—REALTORS—MISREPRESENTATION—PER-
   SONAL ACTION—BUYER'S EXPECTATIONS—STATUTES.

   A buyer's action against a realtor for misrepresentation of the true extent of property which was purchased by the buyer with the realtor acting as his agent is a personal action, and, as such, is subject to a six-year period of limitations; because the harm is to the buyer's expectation it is not an action to recover damages for injuries to persons or property (MCL 600.5805, 600.5813; MSA 27A.5805, 27A.5813).

3. DAMAGES—EXEMPLARY DAMAGES—MORAL CULPABILITY OF DEFEND-
   ANT—VICTIM'S HARM.

   Exemplary damages are granted and measured primarily by reference to a defendant's moral culpability, rather than according to the victim's harm, although they are awarded to compensate the injured person, and not as a punishment to the defendant.

4. LIMITATION OF ACTIONS—MALPRACTICE—INJURY TO PERSONS—IN-
   JURY TO PROPERTY.

   The statute of limitations applicable to actions for malpractice only governs actions for damages for injuries to persons or property.

5. LIMITATION OF ACTIONS—MALPRACTICE—LICENSED PROFESSIONALS—
   LICENSED OCCUPATIONS.
   The statute of limitations applicable to actions for malpractice
   only applies to actions against licensed professionals and does
   not apply to actions against just any licensed occupation.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson*), for defendants Russell Klaason Realtors, Milton Beelen and Roger J. MacLeod.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. This appeal arises out of a suit precipitated by a sale of land in Holland, Michigan. Defendant realtors, Russell Klaasen Realtors, Milton Beelen and Roger MacLeod, represented the buyers, plaintiffs in this suit, throughout the sale until its closing on July 8, 1971.

The final deed excepted a portion of the land the buyers thought was to be included for the purchase price. At the closing, the realtors misrepresented the exception as a mere license or easement in favor of the sellers. Later, it became apparent to the buyers that the sellers were claiming full ownership of the excepted tract.[1]

The buyers sued the sellers on July 25, 1972, seeking reformation of the deed. After substantial procedural delays, the realtors were joined as defendants on November 12, 1975. The amended complaint charged them with failure to apprise

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiffs were put on notice of the sellers' claim in 1972, by a letter offering to sell the disputed tract to plaintiffs, and by the sellers' subsequent acts of showing the land to prospective purchasers.

the buyers of the true nature of the exception in the deed.

The trial court found the realtors had acted as agents for the buyers and had negligently misrepresented the nature of the deed exception, but ruled the buyers' claim barred by the two-year statute of limitations for malpractice, MCL 600.5805(3), 600.5838(2); MSA 27A.5805(3), 27A.5838(2).

On appeal the buyers argue theories of delayed accrual and relation back. Alternatively, they urge us to apply the six-year statute of limitations for contract claims, MCL 600.5807(8); MSA 27A.5807(8). We agree to reverse, but on different grounds.

The negligent misrepresentation of the deed exception by the realtors was a breach of contract as well as a tort. See 3 Am Jur 2d, *Agency*, §§ 200, 299, pp 581-582, 687-688; Anno: *Broker's liability for damages or losses sustained by vendor of real property to vendee because of broker's misrepresentations;* 61 ALR2d 1237. See generally, Anno: *Right of principal to recover punitive damages for agent's or broker's breach of duty,* 67 ALR2d 952. Relevant to such situations are several statute of limitations provisions.

The starting point is MCL 600.5813; MSA 27A.5813, which provides that all personal actions "shall be commenced within the period of 6 years after the claim accrues, and not afterwards unless a different period is stated in the statutes". An exception to this general six-year rule is found in MCL 600.5805; MSA 27A.5805, which requires "any action to recover damages for injuries to persons or property", not including certain specified tort actions, to be commenced within three years after the claim first accrues. There is an

exception to the exception in MCL 600.5807(8); MSA 27A.5807(8) that re-establishes a six-year period of limitations on "actions to recover * * * for breach of contract", which according to the most recent Supreme Court interpretation applies to actions for damages to persons and property, so long as the suit is based on an express promise rather than a duty implied in law. *Huhtala v Travelers Ins Co,* 401 Mich 118; 257 NW2d 640 (1977).[2] Finally, a special two-year limit has been

[2] There have been earlier indications to the contrary. Thus, in *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968), the Supreme Court found "a total absence of any legislative mandate or thought that we distinguish between actions on express contracts to recover damages for injury to person or property and actions based upon implied contract". *Id.* at 325; 161 NW2d at 576. *See also Huhtala v Travelers Insurance Co,* 401 Mich 118, 135-137; 257 NW2d 640, 648-649 (1977) (COLEMAN, J. dissenting).

Writing for the majority in *Huhtala,* Justice LEVIN reconciled *State Mutual* on its facts, reading the case as one based on an implied term of an express contract. This reading is difficult to understand, since the duty breached in that case—the duty to supply electricity at an appropriate rate—was apparently expressed in the contract. According to the pleadings:

" 'It was the agreement on the part of the defendant to the plaintiff that it would supply such current and the current would be supplied in quantities to serve the purposes of light and power *in voltages acceptable* to the use of such appliances owned by the plaintiff's assignors either of 110-volt or 220-volt current.' " 381 Mich at 320; 161 NW2d at 574. (Emphasis added.)

*Huhtala* could be construed as applying the contract statute of limitations only to express duties, *not otherwise implied in law.* That interpretation, however, would be inconsistent with *Weeks v Slavik Builders, Inc,* 384 Mich 257; 181 NW2d 271 (1970), which held the three-year statute applicable in a case based on an express warranty of fitness for the particular purpose, though such a warranty is also implied by law. *See* MCL 440.2315; MSA 19.2315. To the extent *State Mutual* is inconsistent with *Huhtala* we might read it as effectively overruled. Yet, we find Justice LEVIN's discussion of the case unnecessary to the result in *Huhtala,* as the injury in *Huhtala* was not an injury to persons or property. *See* 401 Mich at 130-132; 257 NW2d at 646-647.

We nevertheless follow *Huhtala* because it is the Supreme Court's most recent statement on the topic, the statement is undeniably clear, and it is consistent with the most sound reasons for distinguishing between contract and tort for the purposes of setting a prescribed period of limitations. *See* text at notes 3-6, *infra.*

worked out for malpractice suits, MCL 600.5805(3), 600.5838(2); MSA 27A.5805(3), 27A.5838(2). It governs claims based on malpractice by "a member of a state licensed profession" and by other expressly enumerated health care workers.

Our research of Michigan law does not reveal a clear statement of reasons underlying these rules.[3] They can, however, be reconciled with two policies identified by the commentators. In modern legal history, personal and property damage liability is on the upswing, due to the courts' willingness to impose a broader spectrum of implied duties,[4] to uphold excessive jury awards of damages,[5] and to establish new causes of action.[6] In fairness to defendants and in recognition of the administra-

---

[3] Commenting on the failure of courts to draw clear lines between contract and tort statutes of limitations, Dean Prosser notes, "there has been a failure to think the thing through, and the courts have been little concerned with principles, while preoccupied with the problems at hand". Prosser, *The Borderland of Tort and Contract,* in Selected Topics on The Law of Torts, pp 380, 451–452 (1953). Legislators are also to blame: "So firmly have statutes of limitations become imbedded in our law in the course of centuries that legislatures seldom reconsider them in the light of the various functions they actually perform." *Developments in the Law-Statutes of Limitations,* 63 Harv L Rev 1177, 1185 (1950).

[4] For example, the liabilities of landlords and business invitors have been dramatically increased by recognition of a duty on their part to guard tenants and customers from foreseeable criminal acts of third persons. *E.g., Samson v Saginaw Professional Building, Inc,* 393 Mich 393, 224 NW2d 843 (1975) (landlord); *Earle v Colonial Theatre Co,* 82 Mich App 54; 266 NW2d 466 (1978). *See also Farwell v Keaton,* 396 Mich 281; 240 NW2d 217 (1976) (social companions owe affirmative duty to come to each other's aid).

[5] *E.g., Pippen v Denison Division of Abex Corp,* 66 Mich App 664; 239 NW2d 704 (1976) (upholding precedent shattering damage award of 1.725 million dollars for lost wages, pain and suffering, and loss of consortium).

[6] The most notable of recent origin are causes based upon the negligent or intentional infliction of mental distress, and an injured spouse's independent action for loss of consortium. Contrary to the courts of other states that have considered the question, this Court has even gone so far as to recognize a cause of action for loss of parental consortium. *Berger v Weber,* 82 Mich App 199; 267 NW2d 124 (1978).

tive restraints on courts, the short period of limitations in § 5805 practically limits the instance of personal and property damage suits. See Peyton, Case Comment: *U.C.C.—Statute of Limitations— Conflicts Between Personal Injury and Sales Contract Statute of Limitations,* 75 W Va L Rev 201, 206–207 (1972). The six-year period under § 5807 has been opened by *Huhtala* only to the narrow class of personal and property damage claims based on expressly assumed duties. *Huhtala* also accords with the evidentiary function of the statute of limitations, since express contracts are more likely to be reduced to writing and, therefore, preserved as evidence. See *Developments in Law-Statutes of Limitations,* 63 Harv L Rev 1177, 1185 (1950). But see Crawford, Comment: *Tort in Contract: A New Statute of Limitations,* 52 Ore L Rev 91, 101 (1972) (historic validity of difference between tort and contract statutes of limitations eroded by modern practices of data storage and investigation).

Applying the above statutes with their judicial gloss, we find the buyers' claim falls within the six-year rule of § 5813, and is not removed by any other code provision.

The buyers' action is clearly personal. Through it they seek to recover damages caused by the realtors' misrepresentations, alleged to equal the amount necessary to acquire the disputed tract from the sellers. In addition they have pled general and punitive damages. We find these are not allegations of injury to persons or property within the meaning of § 5805.

This Court does not ascribe to the view that "injuries", as that term is used in § 5805, means "physical injuries". Accord, *Stringer v Board of Trustees of Edward W Sparrow Hospital,* 62 Mich

App 696; 233 NW2d 698 (1975). But see *Case v Goren,* 43 Mich App 673; 204 NW2d 767 (1972). Such a narrow reading would be inconsistent with the social policies discussed above. Section 5805 should be construed comprehensively to include actions brought for injuries resulting from invasions of rights that inhere in persons as persons and property owners. However, the injury must be to the person or specific property, and not simply relating to the person or specific property. See *Sweet v Shreve,* 262 Mich 432, 435; 247 NW 711, 712 (1933); *Schenburn v Lehner Associates, Inc,* 22 Mich App 534; 177 NW2d 699 (1970). In the case at bar, the realtors' misrepresentations did not invade any property interest the buyers had in the Holland land, they merely led the buyers to expect more than they · received. Framed this way, the case is controlled by *Sweet v Shreve, supra,* which held that damages caused by a real estate dealer's misrepresentations to a buyer as to the value of land, were not injuries to persons or property within the meaning of the three-year statute of limitations. The judgment recovered by plaintiffs in that case—roughly equal to the difference between the actual and represented values of the land—are closely analogous to the damages sought in this case. While the realtors' misrepresentations in the instant dispute were of physical boundaries, the harm remains in the first instance, as in *Shreve,* to the buyers' expectations. The fact that the present controversy arises from negligence, rather than fraud, does not alter the nature of the injury. Nor does the circumstance that the buyers claim punitive damages. Although it is stated in Michigan that "[e]xemplary damages are awarded to compensate the injured person, and not as a punishment to the defendant", 9 Mich Law &

Practice, Damages, § 91, p 87, they are granted and measured, not according to the victim's harm, but primarily by reference to the defendant's moral culpability. *Id.* §§ 92, 93, pp 89, 90.

Since the buyers' suit is not for injuries to person or property, it is unnecessary to consider whether the claim is based on malpractice, as the malpractice period of limitations, by its language, only governs suits for injuries to persons or property.[7] It is also fruitless to determine whether plaintiffs' action is based on a breach of contract under *Huhtala,* since the period proscribed by the contracts provision would not change our result.[8]

Applying the rule of § 5813, we find the buyers' suit is not time barred. The record shows the negligent misrepresentation occurred July 8, 1971, and the realtors were joined November 12, 1975.

---

[7] We note that under a different statute relating to "professionals" our Supreme Court has expressly ruled "[r]eal estate agencies are no more professions than any other business agencies". *Pennock v Fuller,* 41 Mich 153, 155; 2 NW 176, 177 (1879), and in *Kambus v St. Joseph's Mercy Hospital of Detroit,* 389 Mich 249; 205 NW2d 431 (1973), held that the broadened coverage of the malpractice statute of limitations includes only licensed professionals, thereby rejecting the notion that it also includes any licensed occupation.

[8] We also believe it is wise not to venture an interpretation of *Huhtala* as applied to the circumstances of this case. In their briefs the parties have not dealt with *Huhtala.* Our reading of the case reveals several open questions. The two classes of actions distinguished by Justice LEVIN—those based on expressed promises and those based on obligations implied in law—do not exhaust the possibilities. Thus, there may be nonexpress duties implied "in fact", rather than "in law". 1 Corbin on Contracts, § 17, pp 38–39. Also of uncertain impact under *Huhtala* is the distinction, among implied duties, between those that are rebuttable *(e.g.,* under the Uniform Commercial Code, the implied warranties of merchantability and fitness may be disclaimed, *see* MCL 440.2316; MSA 19.2316) and those that are irrebuttable *(e.g.,* the Uniform Commercial Code's duty of good faith in the performance or enforcement of contracts, MCL 440.1203; MSA 19.1203). These issues probably should be resolved, like the question of what constitutes an injury to person or property, by reference to the policies underlying the varying periods of limitation. However, absent a clear legislative or Supreme Court statement of these policies, and without benefit of an adversary presentation, we should not unnecessarily establish case precedent in this area.

Under any theory of accrual the action was commenced within six years.

Reversed and remanded. Costs to plaintiffs. We retain no jurisdiction.