BALDYGA v INDEPENDENCE HEALTH PLAN

Docket No. 89839. Submitted December 15, 1986, at Detroit. Decided March 9, 1987.

In August, 1985, Theresa Baldyga and Richard Baldyga brought an action in the Wayne Circuit Court against Independence Health Plan alleging breach of a contract for the provision of health-care services. Plaintiffs alleged that in August of 1981 Theresa Baldyga treated with two physicians pursuant to her contract with defendant. At that time, these physicians allegedly committed malpractice. The trial court, Charles Kaufman, J., granted defendant's motion for summary disposition, finding that plaintiff's action was a tort claim and that the statute of limitations applicable thereto barred the action. Plaintiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs' claim was one for medical malpractice only. Plaintiffs' claim is barred by the statute of limitations providing a two-year period of limitation for such actions.

2. Plaintiffs' claims that defendant was negligent in hiring the doctors and in failing to supervise them was not based on the parties' express contract but was implied in law, making a three-year period of limitation applicable.

Affirmed.

1. LIMITATION OF ACTIONS — INSURANCE — MALPRACTICE.

An insured's claim that his damages flowed not from his insurer's failure to provide health-care services by preselected physicians but from the negligent care which was provided, based on a contract to provide certain health-care services by preselected health-care professionals, is a claim grounded in malpractice; the two-year period of limitation applicable to an action to recover damages for injuries to persons or property charging

REFERENCES

Am Jur 2d, Insurance §§ 726, 762, 1876 *et seq.*

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 62, 316 *et seq.*

Statute of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

malpractice applies to such an action (MCL 600.5805[4]; MSA 27A.5805[4]).

2. LIMITATION OF ACTIONS — INSURANCE — CLAIMS IMPLIED IN LAW.

A three-year period of limitation applies to an insured's claim that his insurer under a contract to provide certain health-care services by preselected health-care professionals was negligent in hiring the health-care professionals and in failing to supervise them where the claim was not based on the parties' express contract but upon a duty was implied in law (MCL 600.5805[8]; MSA 27A.5805[8]).

*O'Connor, Frontczak & Frontczak* (by *Thomas H. O'Connor*), for plaintiffs.

*Schlussel, Lifton, Simon, Rands, Kaufman, Galvin & Jackier* (by *Irene A. Bruce*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition on the basis of the statute of limitations. MCR 2.116(C)(7). We affirm.

On May 28, 1980, plaintiff Theresa Baldyga (hereinafter plaintiff) and defendant entered into a contract wherein plaintiff agreed to make payments in exchange for defendant's provision of certain health-care services by preselected health-care professionals, including physicians. In August of 1981, plaintiff was treated by two physicians pursuant to her contract with defendant. At that time, these physicians allegedly committed malpractice. In August, 1985, plaintiff sued defendant claiming that it breached its contract by:

A. Failing to provide, employ or retain competent physicians, nurses, medical co-admitting phy-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sicians, and paramedical personnel for the care and treatment of plaintiff, Theresa Baldyga.

B. Failing to review and supervise the activities of staff physicians to determine their competency and qualifications as orthopedic surgeons, surgeons and general practitioners.

C. Failing to review the services performed by its staff physicians and/or surgeons and to thereby prevent unnecessary, unwarranted and negligently performed surgery.

Plaintiff further claimed that defendant warranted the quality of its physicians by preselecting them. Plaintiff Richard Baldyga claims that he was a third-party beneficiary of plaintiff's contract with defendant.

As a result of this alleged breach of contract, plaintiff sought to recover damages for pain and suffering, medical expenses and lost earnings. Richard Baldyga sought damages for loss of consortium.

Defendant moved for summary disposition, claiming that plaintiffs' complaint was barred by the statute of limitations because plaintiffs sought to recover for personal injuries. MCL 600.5805 subds (4) and (8); MSA 27A. 5805 subds (4) and (8), and MCR 2.116(C)(7). Plaintiffs, on the other hand, claimed that they were suing for an express breach of contract, making a six-year period of limitation applicable. MCL 600.5807(8); MSA 27A.5807(8). The trial court granted defendant's motion, holding that plaintiffs' claim was a tort claim rather than an express contract claim.

In determining which statute of limitations applies, this Court has previously held:

The starting point is MCL 600.5813; MSA 27A.5813, which provides that all personal actions "shall be commenced within the period of 6 years

after the claim accrues, and not afterwards unless a different period is stated in the statutes." An exception to this general six-year rule is found in MCL 600.5805; MSA 27A.5805, which requires "any action to recover damages for injuries to persons or property," not including certain specified tort actions, to be commenced within three years after the claim first accrues. There is an exception to the exception in MCL 600.5807(8); MSA 27A.5807(8) that re-establishes a six-year period of limitations on "actions to recover . . . for breach of contract," which according to the most recent Supreme Court interpretation applies to actions for damages to persons and property, so long as the suit is based on an express promise rather than a duty implied in law. *Huhtala v Travelers Ins Co,* 401 Mich 118; 257 NW2d 640 (1977). Finally, a special two-year limit has been worked out for malpractice suits [MCL 600.5805(4); MSA 27A.5805(4)]. [*Coats v Uhlmann,* 87 Mich App 385, 388-389; 274 NW2d 792 (1978).]

In *Barnard v Dilley,* 134 Mich App 375; 350 NW2d 887 (1984), the plaintiff sued the defendant, her attorney, claiming that his failure to properly represent her constituted a basis for a breach of contract claim as well as a general negligence claim. The trial court held that the plaintiff's claim was a legal malpractice claim and was barred by the two-year period of limitation. This Court affirmed, finding that the plaintiff had contracted for the provision of legal services and that the plaintiff had not alleged that the defendant had failed to provide legal services. Instead, the plaintiff had alleged that the defendant had failed to "adequately" represent her. Therefore, this Court concluded that the plaintiff's claim was one for malpractice and malpractice only. *Id.*

As with the contract in *Barnard, supra,* we find that plaintiff's contract with defendant in this case

was for the provision of health-care services by preselected physicians. Although plaintiff in this case, unlike in *Barnard,* alleges that defendant failed to provide her with care, it is undisputed and, indeed, plaintiff later asserts that she seeks to recover for the negligent care which was provided. Therefore, we apply the *Barnard* analysis and find that, insofar as plaintiff claims that defendant is vicariously liable for the medical care provided by defendant's physicians, her claim is barred by the two-year period of limitation governing medical malpractice cases. Furthermore, we hold that plaintiff's claims that defendant was negligent in hiring these doctors and in failing to supervise them were not based on the parties' express contract but upon a duty implied in law, making a three-year period of limitation applicable. *Coats, supra.* See also Prosser, Torts (4th ed), §§ 92-93, pp 613-627.

Affirmed.