# STATE OF MICHIGAN

# COURT OF APPEALS

SUN YU and JULIE YU,

Plaintiffs-Appellants,

v

FRANK MIGLIAZZO and GAIL MIGLIAZZO,

Defendants-Appellees.

UNPUBLISHED
July 3, 2018

No. 338847
Oakland Circuit Court
LC No. 2015-148909-CK

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendants on statute of limitations grounds. We affirm in part, and reverse and remand in part for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from defendants' sale of a house to plaintiffs. Defendants owned the house from the time of its construction in 1994 until the sale to plaintiffs in December 2010. Plaintiffs filed suit in September 2015, alleging breach of contract, negligent repair, and fraud-related claims. Plaintiffs asserted that defendants knew about certain structural problems in the house, including leaks in the kitchen ceiling and related structural issues, but failed to adequately disclose those matters to plaintiffs. Plaintiffs further claimed that the leaks caused damage to the home and that it had been rendered unmarketable or its value had been diminished. Following discovery, defendants moved for summary disposition under MCR 2.116(C)(7) (claim barred by applicable limitations period), (C)(8) (failure to state a claim for which relief may be granted), and (C)(10) (no genuine issue of material fact). The trial court granted the motion under MCR 2.116(C)(7), holding that plaintiffs' claims were barred by the applicable statutes of limitation. This appeal followed.

## II. STANDARD OF REVIEW

Whether a cause of action is barred by the applicable statute of limitations is a question of law, which we review de novo. We also review de novo a trial court's decision regarding a summary disposition motion. *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009) (citations omitted). "In reviewing whether a motion

-1-

under MCR 2.116(C)(7) was properly decided, we consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Kuznar v Raksha Corp*, 481 Mich 169, 175-176; 750 NW2d 121 (2008). "In determining whether a statute of limitation applies, this Court looks to the true nature of a complaint, reading the complaint as a whole and looking beyond the parties' labels to determine the exact nature of the claim." *Anzaldua v Neogen Corp*, 292 Mich App 626, 631; 808 NW2d 804 (2011).

We review de novo questions of statutory interpretation. *Kuznar*, 481 Mich at 176. "Clear and unambiguous statutory language is given its plain meaning, and is enforced as written." *Ayar v Foodland Distributors*, 472 Mich 713, 716; 698 NW2d 875 (2005). The interpretation of a contract likewise presents a question of law that we review de novo. *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting summary disposition in favor of defendants on the basis of the applicable statutes of limitation. We agree, with the exception of plaintiff's negligent repair claim.

The limitation period for a breach of contract claim is six years. MCL 600.5807(9);[1] *Seyburn, Kahn*, 483 Mich at 355. "A claim accrues, and the limitations period begins to run, when the claim may be brought. For a breach of contract action, the limitations period generally begins to run on the date that the breach occurs." *Id*. (citations omitted). Here, the breach of contract alleged in plaintiffs' complaint occurred no earlier than September 2010, when defendants signed a seller's disclosure statement (SDS) and the parties executed a purchase agreement. Plaintiffs commenced this action in September 2015. Hence, the breach of contract claim was filed within the six-year limitation period, and the trial court erred by granting summary disposition, on statute of limitations grounds, in favor of defendants on plaintiffs' breach of contract claim.[2]

The limitations period for fraud-related claims is also six years. See *Boyle v Gen Motors Corp*, 468 Mich 226, 228, 230, 232; 661 NW2d 557 (2003); MCL 600.5813. A claim for fraud or misrepresentation accrues, and the applicable six-year limitation period begins to run, when the alleged misrepresentation was made. *Boyle*, 468 Mich at 232. Defendants' alleged misrepresentations in this case were made in September 2010, and plaintiffs commenced this

---

[1] This provision was formerly located at MCL 600.5807(8). Effective May 7, 2018, this provision is located at MCL 600.5807(9); although some minor amendments were made, the limitation period was and remains six years for a breach of contract action. See 2018 PA 15.

[2] Defendants do not argue that plaintiffs' breach of contract claim was subject to a shorter limitations period, but instead urge this Court to affirm the dismissal of that claim on alternate grounds, as discussed later in this opinion.

action in 2015.  Hence, plaintiffs' fraud claims were also filed within the applicable six-year limitations period.

Defendants argue that the true nature of plaintiffs' fraud-related claims is that of a claim for an injury to property, and thus that the three-year limitation period set forth in MCL 600.5805(10) applies.  We disagree.  MCL 600.5805(10) provides, "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property."

In *Sweet v Shreve*, 262 Mich 432, 433; 247 NW 711 (1933), a real estate developer misrepresented the value and earning power of certain property to the plaintiffs.  The plaintiffs purchased the property for an amount far in excess of its true value.  *Id*. at 434.  The plaintiffs commenced an action for fraud, and one of the defendants argued that the action was based on an injury to property and was thus time-barred under the three-year limitation period set forth in 1929 CL 13976(2), a predecessor of MCL 600.5805.  *Id*.  Our Supreme Court rejected the defendant's argument and concluded that the action did not allege an injury to a person or property:

> [W]e do not believe that the present action constitutes one for injuries to person or property.  It is a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants.  Previous Michigan decisions have assumed that actions for fraud are covered by the general six-year limitation in [1929 CL 13976, a predecessor of MCL 600.5813]. . . .  [W]e believe the correct rule to be that, where the damages claimed are not for injuries to specific property, [1929 CL 13976(2), a predecessor of MCL 600.5805] does not apply, but the action may be brought within the general six-year provisions . . . .  [*Id*. at 435 (citations omitted).]

This Court has cited *Sweet* and applied the six-year limitation period of MCL 600.5813 to a claim of negligent misrepresentation in a real estate transaction, *Coats v Uhlmann*, 87 Mich App 385, 387-388, 391-392; 274 NW2d 792 (1978), and to a claim of fraudulent misrepresentation regarding a business enterprise, *Case v Goren*, 43 Mich App 673, 681; 204 NW2d 767 (1972).  These cases are "part of a long line of Michigan cases applying the six-year limitation period to fraud actions." *Nat'l Sand, Inc v Nagel Constr, Inc*, 182 Mich App 327, 334; 451 NW2d 618 (1990).  See also *Kuebler v Equitable Life Assurance Society of the United States*, 219 Mich App 1, 6; 555 NW2d 496 (1996) (holding that "a six-year statute of limitations applied to plaintiffs' fraud count" where the plaintiffs specifically pleaded each of the elements of fraud in their complaint); *Blue Cross & Blue Shield of Mich v Folkema*, 174 Mich App 476, 481; 436 NW2d 670 (1988) (holding that the six-year limitation period of MCL 600.5813 applied to a fraud claim when damages were sought for injury to the plaintiff's financial expectations).

Here, similar to *Sweet*, plaintiffs are seeking to recover damages arising from defendants' alleged fraudulent misrepresentations and omissions.  In particular, plaintiffs seek to recover damages to compensate them for the diminution of value or unmarketability of their home.  Although the complaint references property damage arising from the leaks in the kitchen ceiling, the claim is not for an injury to property in the classic tort sense, but instead relates to

expectations of value and the resulting unmarketability or diminished value of the home. See *Case*, 43 Mich App at 681. Although defendants' purported misrepresentations were related to the property they were selling, the misrepresentations did not invade any property interest held by plaintiffs at the time they were made; rather, the alleged misrepresentations induced them to purchase the property and damaged the value of their purchase. See *Coats*, 87 Mich App at 392. All of plaintiffs' fraud-related claims bear on the same underlying alleged conduct, i.e., defendants' alleged misrepresentations regarding the nature of the property in order to induce plaintiffs to purchase it. See *Anzaldua*, 292 Mich App at 631. Because the harm in this case involved plaintiffs' expectations of value arising from the alleged misrepresentations, plaintiffs' fraud-related claims were governed by the six-year limitation period of MCL 600.5813 under *Sweet* and its progeny.

Plaintiffs concede that their negligent repair claim is a claim for injury to property and is therefore subject to the three-year limitations period of MCL 600.5805(10). Plaintiffs argue, however, that the fraudulent concealment exception of MCL 600.5855 applies. We disagree.

MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

"MCL 600.5855 provides for essentially unlimited tolling based on discovery when a claim is fraudulently concealed." *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 391; 738 NW2d 664 (2007). "Generally, for fraudulent concealment to postpone the running of a limitation period, the fraud must be manifested by an affirmative act or misrepresentation. The plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Witherspoon v Guilford*, 203 Mich App 240, 248; 511 NW2d 720 (1994), overruled on other grounds by *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36 (2006). Mere silence is insufficient to establish fraudulent concealment under MCL 600.5855. *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 48; 698 NW2d 900 (2005). "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (quotation marks and citations omitted). "[T]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Id*. at 643 (quotation marks, brackets, and citations omitted). A plaintiff must exercise reasonable diligence in investigating and pursuing a cause of action; therefore, the limitations period is not tolled if the plaintiff should have discovered that a cause of action existed. *Prentis Family Foundation*, 266 Mich App at 48. Only a defendant's actions that were taken after the plaintiff suffered injury may be considered when determining whether fraudulent concealment occurred. See *Doe*, 264 Mich App at 641.

-4-

Here, plaintiffs did not allege fraudulent concealment in the complaint or identify to the trial court the acts or misrepresentations that comprised the fraudulent concealment. On appeal, plaintiffs contend that defendants made three affirmative misrepresentations in the SDS that could support a finding of fraudulent concealment: (1) that the roof had only a single previous leak; (2) that there were no structural modifications, alterations, or repairs made without the necessary permits or licensed contractors; and (3) that there was no flooding, draining, or structural or grading problems. These are the same alleged misrepresentations that plaintiffs claim support their fraud-related claims. The alleged misrepresentations identified by plaintiffs all occurred at the time that defendants filled out and signed the SDS, which took place before plaintiffs purchased the property. Because plaintiffs did not yet own the property and thus had not yet suffered any injury when defendants made the alleged misrepresentations, these actions may not be considered when determining whether fraudulent concealment occurred. See *Doe*, 264 Mich App at 641. Further, although a major kitchen leak occurred in March 2014, plaintiffs admit that there were some signs of leaking as early as 2011. Plaintiffs did not exercise reasonable diligence because they did not investigate the apparent leaks until after the major leak occurred in March 2014. Plaintiffs commenced this action in 2015, more than two years after they discovered or should have discovered the existence of the claim at the time of the initial signs of leaking in 2011. We conclude that plaintiffs are not entitled to the tolling of the three-year statute of limitations with respect to their negligent repair claim on the basis of fraudulent concealment under MCL 600.5855.

We therefore reverse the trial court's grant of summary disposition in favor of defendants under MCR 2.116(C)(7) with respect to all of plaintiffs' claims except the negligent repair claim.

Defendants invite this Court, if we were to conclude that the trial court erred by holding plaintiffs' claims to be time-barred, to affirm the trial court on the alternate grounds that plaintiffs failed to state claim for which relief may be granted, MCR 2.116(C)(8), and that no genuine issue of material fact exists as to defendants' entitlement to judgment as a matter of law, MCR 2.116(C)(10). We decline that invitation.

An appellee may assert alternate grounds for affirmance without filing a cross-appeal, so long as a more favorable decision is not obtained. *Middlebrooks v Wayne Co*, 446 Mich. 151, 166 n 41; 521 NW2d 774 (1994). And this Court may affirm a trial court's grant of summary disposition under a "right result wrong reasoning" theory. *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998). However, in a case such as this, in which the trial court granted summary disposition on what might be deemed "procedural" grounds, without reaching the substantive merits of plaintiffs' claims, and where resolution of many, if not all, of those claims may prove to be fact-intensive, we conclude that the wiser and more proper course of action is to remand to the trial court for further proceedings, rather than to consider the merits of plaintiffs' claim in the first instance in this Court under the guise of considering whether to affirm on alternate grounds. See *City of Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) (stating that "although an appellee need not file a cross-appeal to urge alternate reasons to support a judgment, to properly preserve a claim for appeal, the reasons must have been presented to the trial court" (citations omitted)); *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010) (noting that this Court may disregard issue preservation requirements if failure to do so would result in "manifest injustice" or "the issue involves a question of law and the facts necessary for its resolution have been presented").

Affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra