WALPER *v.* KNOWLES.

1. Banks and Banking—Stockholder's Statutory Liability—Assessment.

   A bank stockholder's statutory liability became fixed when the stockholder's assessment was levied (3 Comp. Laws 1929, § 11945).

2. Same—Limitation of Actions—Stockholder's Statutory Liability.

   The general statute of limitations pertaining to personal actions is applicable in action to recover bank stockholder's statutory liability (3 Comp. Laws 1929, §§ 11945, 13976).

3. SAME—STOCKHOLDER'S STATUTORY LIABILITY—REPEAL—SAVING
CLAUSE.

Under statute discontinuing a bank stockholder's statutory
liability, which contained no saving clause, and subsequent
act also providing for discontinuance of such liability but
preserving *status quo* as to rights hitherto accrued, stock-
holder against whom assessment had been levied prior to
enactment of such statute was liable for such assessment
to trustees of segregated assets of same bank as reorganized,
in view of general statute providing that the repeal of any
statute or part thereof should not have the effect of releas-
ing or relinquishing any liability incurred thereunder unless
the repealing act should so expressly provide (3 Comp.
Laws 1929, § 11945, Act No. 66, § 2a, Pub. Acts 1929, as
added by Act No. 270, Pub. Acts 1933, and amended by
Act No. 139, Pub. Acts 1935; Act No. 341, § 59, Pub. Acts
1937; Rev. Stat. 1846, chap. 1, § 4a, as added by Act No.
25, Pub. Acts 1931).

Appeal from Lenawee; Rathbun (George A.), J.
Submitted October 11, 1940. (Docket No. 55, Cal-
endar No. 41,039.)   Decided December 10, 1940.

Action by A. J. Walper, Robert T. Smaltz, and
William H. Younglove, trustees of segregated as-
sets of Lenawee County Savings Bank of Adrian,
Michigan, against Herbert B. Knowles to enforce
collection of a stockholder's assessment. Judgment
for plaintiffs. Defendant appeals. Affirmed.

*Alexander & Baldwin,* for plaintiffs.

*Harry L. Larwill,* for defendant.

BUSHNELL, C. J.   Plaintiffs' action against de-
fendant was tried by a circuit judge, sitting without
a jury, under an agreed statement of facts.

When the Lenawee County Savings Bank of
Adrian, Michigan, closed its doors on February 11,
1933, in obedience to a proclamation of the governor
declaring a banking holiday, defendant was the
owner of 26 shares of the common capital stock of
the bank, having a par value of $100 per share.

Plaintiffs were appointed trustees of segregated assets of the bank under an approved plan of reorganization (see Act No. 32, Pub. Acts 1933, as amended [Comp. Laws Supp. 1940, § 12077–1 *et seq.,* Stat. Ann. § 23.91 *et seq.*]) to which defendant made no objection. On June 2, 1933, some days before the reorganized bank reopened, the commissioner of banking levied a 100 per cent. assessment (see 3 Comp. Laws 1929, § 11945 [Stat. Ann. § 23.52]) against each stockholder of the bank, defendant's $2,600 assessment being included therein. Defendant was notified of the assessment and payment thereof was demanded on May 3, 1934.

Under the plan of reorganization, defendant's unpaid assessment liability and that of other stockholders, together with certain assets, were assigned and transferred to plaintiffs as trustees. The parties agree that all notices required by Act No. 66, § 2a, Pub. Acts 1929, as added by Act No. 270, Pub. Acts 1933, and amended by Act No. 139, Pub. Acts 1935, and as required by Act No. 341, § 59, Pub. Acts 1937 (Comp. Laws Supp. 1935, § 11899–1, Comp. Laws Supp. 1940, § 11897–59, Stat. Ann. § 23.3 and Stat. Ann. 1940 Cum. Supp. § 23.790), were posted, published and served in accordance with the provisions of these acts and that no written dissent as to the change in the shareholder's liability was ever received by the bank from any of its creditors or depositors.

Plaintiffs began suit against the defendant on May 27, 1939. The trial judge filed a written opinion holding defendant liable for the assessment and judgment was entered against him in the sum of $2,600, with interest thereon. Defendant contends that under the provisions of Act No. 139, Pub. Acts 1935, and as amended by Act No. 341, Pub. Acts 1937, his statutory liability terminated on July 1,

1937. He also contends that the bank and its depositors and creditors are the beneficial owners of and the real parties in interest in this cause of action and any possible recovery thereunder.

The liability of bank stockholders for assessment is found in Act No. 66, § 48, Pub. Acts 1929, the general banking act (3 Comp. Laws 1929, § 11945 [Stat. Ann. § 23.52]). This act was amended by Act No. 270, Pub. Acts 1933, to relieve shares issued after July 21, 1933, from assessment. Act No. 139, Pub. Acts 1935, continued the exemption given by Act No. 270 and added language whereby the liability on shares issued prior to July 21, 1933, could be terminated. Defendant relies upon the following language contained in the 1935 act:

"The additional liability imposed upon stockholders in any bank organized and existing under the provisions of this act by section forty-eight hereof, shall cease on the effective date of this act, but only as hereinafter provided, with respect to all shares issued prior to July twenty-one, nineteen hundred thirty-three, by any bank which shall be transacting the business of banking on the effective date of this act. Such liability shall immediately cease as to all deposits made in and as to all who become creditors of such a bank on or after the effective date of this act. As respects any one who became a depositor or creditor of such a bank prior to the effective date of this act, such liability shall cease at such time as such depositor or creditor expressly or impliedly consents thereto, and in any event shall cease on July one, nineteen hundred thirty-seven, as respects such a depositor or creditor, unless such depositor or creditor files with the bank an express written dissent to the change in the shareholder's liability as aforesaid."

The Michigan financial institutions act (Act No. 341, Pub. Acts 1937 [Comp. Laws Supp. 1940,

§ 11897-1 *et seq.*, Stat. Ann. 1940 Cum. Supp. § 23.711 *et seq.*]) repealed Act No. 66, Pub. Acts 1929, as amended by Act No. 270, Pub. Acts 1933, and Act No. 139, Pub. Acts 1935, and reenacted in almost identical language the provisions of section 48 of Act No. 66, Pub. Acts 1929, and section 2a as added by Act No. 270, Pub. Acts 1933, and amended by Act No. 139, Pub. Acts 1935.

Defendant's statutory liability became fixed when the stockholder's assessment was levied on June 2, 1933. Section 48 of Act No. 66, Pub. Acts 1929 (3 Comp. Laws 1929, § 11945); *Lawrence* v. *DeBoer,* 273 Mich. 172; *Glass* v. *MacNaughton,* 291 Mich. 363, 374. The applicable statute of limitations was the general statute pertaining to personal actions. 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605); *Glass* v. *MacNaughton, supra.* The instant action was begun within this statutory six-year period.

The essential question for decision is whether the provisions of Act No. 66, § 2a, Pub. Acts 1929, as added by Act No. 270, Pub. Acts 1933, and amended by Act No. 139, Pub. Acts 1935, bar the instant action. Defendant argues that the 1935 act expressly terminates his stockholder's liability and that there is no saving clause in this act. We do not need to determine the validity of a statute which takes away a right of action which has already accrued. The lack of a specific saving clause in the 1935 act is not fatal to plaintiff's action because all repealing acts are subject to the effect of Rev. Stat. 1846, chap. 1, § 4a, as added by Act No. 25, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 77-1, Stat. Ann. § 2.214), which reads:

"The repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture, or liability incurred under such

statute or any part thereof, unless the repealing act shall so expressly provide, and such statute and part thereof shall be treated as still remaining in force for the purpose of instituting or sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.''

See *Whitman* v. *Township of Royal Oak,* 269 Mich. 146, 151, 152, and authorities cited and quoted in *Cusick* v. *Feldpausch,* 259 Mich. 349, at pages 352, 353. See, also, the saving clause in Act No. 341, § 292, Pub. Acts 1937 (Stat. Ann. 1940 Cum. Supp. § 23.1135), which reads in part:

''This act shall not impair or affect any act done, offense committed or right accruing, accrued, or acquired, or liability, penalty, forfeiture, or punishment incurred prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted, or inflicted, as fully and to the same extent as if this act had not been passed.''

Plaintiffs' right to maintain the instant action is controlled by our holdings in *Re Burger's Estate,* 276 Mich. 485, and in *Paw Paw Depositors Corporation* v. *C. G. Albert, Inc.,* 281 Mich. 411. In the former, we said (p. 502):

''The trust instrument was executed by the bank and the trustees. July 16, 1934, the conservator, by direction of the banking commissioner, executed formal assignment to the trustees of the claim against Burger for assessment. A liquidating agent of the bank may sue for the assessment. *American State Bank of Detroit* v. *Aaron,* 271 Mich. 147 (100 A. L. R. 1266). The trustees may fall within such designation but, in any event, we think they are within the class of 'other officer succeeding to the legal rights of said bank,' named in section 48.''

In the latter, we said:

"It is contended that, inasmuch as the stock in the bank in question after its reorganization was sold to another State bank and the Paw Paw Savings Bank ceased to exist, defendant's liability may not be enforced because the plaintiff may not act as a liquidating agent of a nonexistent corporation. We think there is no question the instrument transferring the statutory liability to the plaintiff conveyed the legal title of the interest covered by the power and that plaintiff has a right to sue. *Baker* v. *Baird,* 79 Mich. 255; *Weaver* v. *Richards,* 144 Mich. 395 (6 L. R. A. [N. S.] 855). Nor do we think there is any question that the right to enforce the statutory liability of the stockholders in the bank in question passed to the plaintiff under the facts in this case."

Action having been commenced within six years from the date of the assessment, and there being no dispute as to the amount of the liability, the judgment is affirmed, with costs to appellees.

SHARPE, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred with BUSHNELL, C. J.

BOYLES, J. (*concurring*): I concur on the ground that defendant was not a stockholder "in any bank organized and existing under the provisions of this act," as provided in Act No. 66, § 2a, Pub. Acts 1929, as added by Act No. 270, Pub. Acts 1933, and amended by Act No. 139, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 11899–1 [Stat. Ann. § 23.3]). Therefore, he cannot take advantage of the provision therein that the additional liability shall cease on the effective date of said act, or in any event shall cease July 1, 1937. His liability was to the trustees of the segregated assets for the benefit of participating certificate-holders (creditors of the

bank before reorganization). Such liability to the trustees was not affected by Act No. 139, Pub. Acts 1935.

NORTH, J., concurred with BOYLES, J.