KRUIZENGA *v.* EARL.
SAME *v.* COMINGS.
SAME *v.* FISHER.
SAME *v.* EDWARDS.
SAME *v.* CLARK.
SAME *v.* COMINGS.
HOME SAVINGS BANK *v.* ENGEL.
SAME *v.* PRENTICE.
*In re* BARNES' ESTATE.

1. LIMITATION OF ACTIONS—BANK STOCK ASSESSMENT—COMMENCEMENT OF LIQUIDATION.

Suit to collect assessment levied on bank stock which was brought less than six years from time assessment was made although more than six years from time bank was placed in ''process of liquidation'' or from time the commissioner of the State banking department was first empowered to enforce the statutory liability of such stockholders was not barred by the statute of limitations as the liability of the stockholders was not fixed and cause of action did not accrue until the assessment was made (3 Comp. Laws 1929, §§ 11945, 13976; Act No. 66, § 65a, Pub. Acts 1929, as added by Act No. 8, Pub. Acts 1932 [1st Ex. Sess.]; Act No. 32, § 5, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933).

2. BANKS AND BANKING—STATUTORY LIABILITY OF STOCKHOLDERS CONTINGENT UNTIL ASSESSMENT IS LEVIED.

Until levy of an assessment on bank stock, the liability of a stockholder therefor is only contingent (3 Comp. Laws 1929, § 11945).

3. LIMITATION OF ACTIONS—ASSESSMENT ON BANK STOCK—ACTION.

The running of the statute of limitations on assessment against bank stockholders does not commence until the cause of action fully matures through the making of an assessment (3 Comp. Laws 1929, §§ 11945, 13976; Act No. 66, § 65a, Pub. Acts 1929, as added by Act No. 8, Pub. Acts 1932 [1st Ex. Sess.]; Act No. 32, § 5, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933).

4. BANKS AND BANKING—ASSESSMENT ON STOCK—INTEREST.
   Bank stockholders are liable for interest on assessment on their
   stock from the date of the order of the assessment (3 Comp.
   Laws 1929, § 11945; Act No. 66, § 65a, Pub. Acts 1929, as
   added by Act No. 8, Pub. Acts 1932 [1st Ex. Sess.]; Act No.
   32, § 5, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts
   1933).

5. SAME—ASSESSMENT ON STOCK—ESTATES OF DECEDENTS—INTER-
   EST.
   Interest from date of assessment on bank stock was allowable
   against estate of stockholder who died about 10 weeks after
   assessment was made, where her executor knew of assessment,
   received several notices thereof, plaintiffs, trustees of the seg-
   regated assets, were not estopped because of laches, equitable
   considerations or failure previously to file claim for assess-
   ment in probate court and claim was allowed by commissioners
   on the hearing on revival of claims (3 Comp. Laws 1929,
   § 11945; Act No. 66, § 65a, Pub. Acts 1929, as added by Act
   No. 8, Pub. Acts 1932 [1st Ex. Sess.]; Act No. 32, § 5, Pub.
   Acts 1933, as amended by Act No. 95, Pub. Acts 1933).

Appeals from Kalamazoo; Bishop (Clifford A.),
J., presiding. Submitted January 10, 1941. (Docket
Nos. 80–88, Calendar Nos. 41,430–41,438.) Decided
March 11, 1941.

Separate actions by Claus H. Kruizenga and
others as trustees of the segregated assets of the
Home Savings Bank, of Kalamazoo, Michigan,
against Otis A. Earl, James R. Comings, Charles
Fisher, Emma A. Edwards, Edward S. Clark, and
Meda B. Comings to recover amount of stockhold-
ers' statutory liability.

Separate bills by Home Savings Bank, of Kala-
mazoo, Michigan, and others against Ernestine
Prentice Engel, guardian of the estate of Almira
A. Prentice, incompetent, and Nellie J. Prentice and
others to recover amount of stockholders' statutory
liability. Cases transferred to the law side of the
court.

Claim filed in the matter of the estate of Emelia
B. Barnes, deceased, for the amount of stockhold-
ers' statutory liability. Claim allowed without in-
terest. Appeal to the circuit court.

Cases consolidated for trial and appeal. Judg-
ments for plaintiffs in cases against Nellie J.
Prentice and others and Ernestine Prentice Engel,
guardian of Almira A. Prentice, incompetent. Judg-
ments for defendants in all other cases.

Plaintiffs and Nellie J. Prentice and others and
Ernestine Prentice Engel, guardian of Almira A.
Prentice, incompetent, appeal. Estate of Emelia B.
Barnes cross-appeals. Affirmed as to Nellie J. Pren-
tice and others and Ernestine Prentice Engel, guard-
ian of Almira A. Prentice, incompetent. Reversed in
all other cases and judgments ordered entered for
plaintiffs.

*Howard, Howard & Howard,* for plaintiffs.

*Farrell & Paulson, Paul M. Tedrow, Frost, Frost
& Ford, Schaberg & Schaberg, Fox, Fox & Fox,* for
defendants and appellees.

*Paul M. Tedrow,* for estate of Barnes.

*Frost, Frost & Ford,* for defendants Engel and
Prentice and others.

MCALLISTER, J. The Home Savings Bank, of
Kalamazoo, Michigan, was closed by proclamation
of the governor on February 14, 1933. Under Act
No. 32, § 4, Pub. Acts 1933,* a conservator was ap-
pointed on March 24, 1933. An examination dis-
closed that the bank was insolvent, and on July 18,

---

* See Comp. Laws Supp. 1940, § 12077–1 *et seq.,* Stat. Ann. § 23.9]
*et seq.*—REPORTER.

1933, the conservator submitted a plan for reorganization of the bank, which was approved by the governor and the State banking commissioner on July 25, 1933. On the same date, the banking commissioner, with the approval of the governor, made a formal order for a 100 per cent. assessment against the stockholders. The above nine cases were consolidated for trial and on appeal.

Plaintiffs are the trustees of the segregated assets of the bank, and the defendants are stockholders against whom assessments have been made. There is also involved in this consolidated appeal the matter of the estate of Emelia B. Barnes, in which the trial court held that the estate was not liable for payment of the assessment made against deceased, because action was not brought within the period of the statute of limitations.

In an action to collect the assessments, the trial court held that the statute of limitations* had run before commencement of the suit, except as to defendants Nellie J. Prentice, Virginia Prentice, and Ernestine Prentice Engel, in her own name and as guardian of Almira A. Prentice. Judgments were entered against the above-named defendants, and judgments of no cause of action were entered as to all other defendants.

It is the contention of the trustees that the cause of action to collect the assessments did not accrue until the date of levy of the assessments on July 25, 1933, and that actions against all defendants were commenced within six years of that date. If the claim of plaintiffs as to the date when the cause of action accrued is sustained, it is conceded that the trustees are entitled to judgments against all defendants.

---

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—REPORTER.

But it is the claim of defendants that the cause of action accrued as soon as process of liquidation of the bank began, and that full liquidation is not a condition precedent to levy of assessment, citing *In re Burger's Estate,* 276 Mich. 485; that such process of liquidation commenced more than six years before the bringing of the suit, and that plaintiffs are, therefore, barred by the statute of limitations.

The trial court held that under the law prior to May 26, 1933, the cause of action on the assessments would accrue and the statute of limitations would commence to run only from the date of levy on the assessment under the direction of the circuit court. Act No. 66, § 65a, Pub. Acts 1929, as added by Act No. 8, Pub. Acts 1932 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 11962–1, Stat. Ann. § 23.69). It was further held that on May 26, 1933, Act No. 32, § 5, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 12077–5, Stat. Ann. § 23.95), went into effect, providing that the commissioner of the State banking department be empowered "to levy, enforce, and collect the statutory and/or individual liability of the stockholders, * * * in such a manner, in such instalments, to be paid at such times and under such terms as he may deem advisable;" and that, because levy of assessments could have been made at that date by the commissioner, the cause of action thereupon accrued.

Until an assessment was made, the liability of the stockholders was not fixed; it became fixed when the assessment was levied. *Walper* v. *Knowles,* 295 Mich. 687. Until the assessment was levied, the liability was only contingent. Although the bank had been found insolvent, it might have been unknown whether an assessment was required in order to pay the creditors; and, if it were deemed that an

assessment were necessary, it might still be uncertain as to whether an assessment of 1 per cent. or 100 per cent. would be required to pay the creditors of the bank. While the liability could extend to a 100 per cent. assessment on the stock, the commissioner was not obliged to make a levy in this amount, but only in such amount as was deemed advisable by him. Until the levy was made, no cause of action would accrue. *Foster* v. *Row*, 120 Mich. 1 (77 Am. St. Rep. 565). The running of the statute of limitations did not commence until the cause of action had fully matured through the making of an assessment. *Schutz* v. *Read*, 284 Mich. 548. See *McCaslin* v. *Albertson*, 279 Mich. 650. Plaintiffs' cause of action dates from the date of the assessment. *Glass* v. *MacNaughton*, 291 Mich. 363. Stockholders are liable for interest from the date of the order of the assessment. *McCaslin* v. *Albertson*, *supra*.

In arriving at the above determination, we acknowledge the exhaustive and scholarly assistance received from the opinion of the trial court, and the extensive research of counsel.

In the Barnes' estate, it appears that Emelia Barnes died October 10, 1933, approximately 10 weeks after the assessment against her. The executor knew of the assessment in 1933, and received five notices, at various times, of demand for payment thereof. He claims that he was continually advised that the demands were matters of form and that the assessment would never have to be paid, by Mr. Pond, the cashier of the liquidating agents, and secretary for the trustees. The executor apparently did not have any dealings with the trustees of the segregated assets. Mr. Pond denied having told the executor he did not have to pay, but stated that he said any action would await a certain test case then pending. The only question raised by the executor

as cross-appellee is whether interest is due on the assessment from the date of levy, or whether the trustees are estopped because of laches, equitable considerations, and failure previously to file claim for the assessment in probate court. The Barnes' estate is still open; and in June, 1939, the trustees filed a petition for revival of commission of claims. The commissioners allowed the claim, but denied interest. On the question of interest, the trial court held that, if the claim was not barred by the statute of limitations, interest was allowable. We agree with this holding. There was no conduct on the part of the trustees which would give right to a different disposition on equitable grounds. The executor was not induced by the trustees to alter his position with regard to the payment of the assessment. As the trial court stated, he had several notices of the claim of liability and, if he had wished to save interest, he could have gone before the court and had the question of liability therefor determined. The executor was not misled to his damage; and the claim for the assessment was properly allowed by the commissioners on the hearing on revival of claims. Interest should have been allowed from the date of levy of the assessment; and on this question we concur in the determination of the trial court.

In accordance with the conclusions above-expressed, the judgments of the trial court are affirmed as to Nellie J. Prentice, Virginia Prentice, and Ernestine Prentice Engel, in her own name and as guardian of Almira A. Prentice. As to the remaining parties, the judgments are reversed and remanded for entry of judgments in favor of plaintiffs, with interest thereon from the date of levy of the assessments. Plaintiffs will recover costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.