**NAPH–SOL REFINING COMPANY, Plaintiff,**

v.

**CITIES SERVICE OIL COMPANY, and Department of Energy, Defendants.**

**No. G78–85 C.A.**

United States District Court, W. D. Michigan, S. D.

May 28, 1980.

Batzell, Nunn & Bode, Washington, D. C., Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton, Muskegon, Mich., for plaintiff; Harold M. Street, Muskegon, Mich., William H. Bode, Washington, D. C., of counsel.

Squire, Sanders & Dempsey, Cleveland, Ohio, Mika, Meyers, Beckett & Jones, Grand Rapids, Mich., Chapman, Duff & Paul, Washington, D. C., for Cities Service; Robert C. Maynard, Cleveland, Ohio, John C. Jones, Grand Rapids, Mich., Charles S. Fax, Washington, D. C., of counsel.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., for Dept. of Energy.

## ON PLAINTIFF'S MOTION TO STRIKE DEFENSES.

FOX, Senior District Judge.

The court hereby adopts the following findings of fact and conclusions of law with respect to the motion of plaintiff Naph-Sol Refining Company to strike the First, Second and Third Defenses from the answer of defendant Cities Service Oil Company in the above-captioned action:

### FINDINGS OF FACT

(1) This action was commenced by plaintiff Naph-Sol Refining Company against defendant Cities Service Oil Company and defendant Department of Energy on February 21, 1978.

(2) In this action, plaintiff seeks to recover alleged price overcharges and attorneys' fees resulting from sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of defendant Department of Energy.

(3) On September 15, 1976, plaintiff instituted another action against Cities Service Oil Company in this court, Civil Action No. G76–451, in which plaintiff sought to recover treble damages and attorneys' fees with respect to alleged price overcharges on sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of the Department of Energy.

(4) The complaints in both actions relate to the same sales of motor gasoline by defendant Cities Service Oil Company to plaintiff beginning in January 1974 and continuing to the present date.

(5) There has been no final judgment in either action.

(6) In its First Defense contained in its answer in this action, defendant Cities Service Oil Company alleges that plaintiff has split its cause of action and that the complaint must be dismissed because of the pendency of the previous action, which abates all other actions.

(7) In its Second Defense in its answer in this action, defendant Cities Service Oil Company alleges that final judgment in the previous action will bar the complaint in this action on the basis of *res judicata.*

(8) In its Third Defense in its answer in this action, defendant Cities Service Oil Company alleges that the statute of limitations bars portions of the relief sought by plaintiff.

### CONCLUSIONS OF LAW

(1) In *Ashland Oil Co. of California v. Union Oil Co. of California,* 567 F.2d 984 (Em.App.1977), *cert. denied,* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), the Temporary Emergency Court of Appeals held that Section 210 of the Economic Stabilization Act creates separate and distinct causes of action for compensatory damages and for exemplary damages and that either type of relief could be sought in a single action or in separate actions.

(2) For these reasons, the First Defense in the answer of defendant Cities Service Oil Company is insufficient as a matter of law and should be stricken.

■ (3) The doctrine of *res judicata* is inapplicable because there has not been a final and conclusive adjudication of the issues between the parties in either action.

(4) For these reasons, the Second Defense in the answer of defendant Cities Service Oil Company is insufficient as a matter of law and should be stricken.

(5) Neither the Emergency Petroleum Allocation Act nor Section 210 of the Economic Stabilization Act contains a statute of limitations. In such circumstances, a federal court should apply the most analogous state law if it is consistent with the underlying policies of the federal statute. *Ashland Oil Co. of California v. Union Oil Co. of California, supra.*

■ (6) The most analogous state statute of limitations to an action to recover compensatory damages under Section 210 of the Economic Stabilization Act is Section 600.-5813 of Michigan Statutes Annotated, which prescribes a six-year period of limitations for personal actions where no other limitation period is stated in the applicable statute. *Walper v. Knowles*, 295 Mich. 687, 295 N.W. 363 (1940); *Sweet v. Shreve*, 262 Mich. 432, 247 N.W. 711 (1933); *Case v. Goren*, 43 Mich.App. 673, 204 N.W.2d 767 (1972); *Fries v. Holland Hitch Co.*, 12 Mich. App. 178, 162 N.W.2d 672 (1968); *Schreiber v. Loew's Inc.*, 147 F.Supp. 319 (W.D.Mich. 1957); *Schram v. Lucking*, 31 F.Supp. 749 (E.D.Mich.1940), *affirmed*, 117 F.2d 160 (6th Cir. 1941).

(7) Because plaintiff seeks in this action to recover compensatory damages for overcharges beginning in January 1974, and this action was commenced within six years thereafter, no portion of plaintiff's claim for relief is barred by the applicable state statute of limitations.

(8) For these reasons, the Third Defense in the answer of defendant Cities Service Oil Company is insufficient as a matter of law and should be stricken.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of plaintiff to strike the First, Second and Third Defenses contained in the answer of defendant Cities Service Oil Company in this action is hereby granted.

## ON MOTION OF DEFENDANT DEPARTMENT OF ENERGY TO DISMISS AS TO IT OR, IN THE ALTERNATIVE, BE DROPPED AS A PARTY

The court hereby adopts the following findings of fact and conclusions of law with respect to the motion of the Department of Energy to dismiss the complaint in the above-captioned action as to it or, in the alternative, to be dropped as a party:

*FINDINGS OF FACT*

(1) This action was commenced by plaintiff Naph-Sol Refining Company against defendant Cities Service Oil Company and defendant Department of Energy on February 21, 1978.

(2) In this action, plaintiff seeks to recover alleged price overcharges and attorneys' fees resulting from sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of defendant Department of Energy.

(3) On April 24, 1978, defendant Department of Energy filed its answer.

(4) On December 19, 1979, the Department of Energy finally adopted the Proposed Consent Order entered into on October 30, 1979 by the Department of Energy and Cities Service. In that Order the Department of Energy agrees that Cities Service's "determinations . . . of its classes of purchaser for gasoline . . . are correct." 44 Fed.Reg. 75233 (Dec. 19, 1979).

(5) Cities' Objections to Plaintiff's Proposed Findings of Facts and Conclusions of Law on Plaintiff's Motion for Partial Summary Judgment were based largely upon its view that the Department of Energy had made a finding that its classes of purchaser were correct.

(6) A dispute has arisen concerning the scope and validity of the December 19, 1979 Order.

*CONCLUSIONS OF LAW*

■ (1) In *Dyke v. Gulf Oil Corporation* 601 F.2d 557 (T.E.C.A.1979), the Temporary Emergency Court of Appeals held that while ordinarily the Department of Energy may not be joined as a party to actions brought under Section 210 of the Economic Stabilization Act, there were two exceptions to that general rule. Both exceptions are present in this case.

(2) The first exception established by *Dyke* is where the validity of an agency order is at issue. The court concludes that the validity of the December 19, 1979 Order is at issue in the action and that the presence of the Department of Energy as party defendant is necessary and proper.

(3) The second exception established by *Dyke* is where "compelling circumstances" warrant the joinder of the Department of Energy as a party. The court finds that the controversy surrounding the interpretation of the December 19, 1979 Order constitutes a compelling circumstance which requires the court to exercise its discretion to retain the Department of Energy as a party defendant in this action.

The court concludes that denial of the Department of Energy's motion to be dropped as a party does not involve a controlling question of law as to which there is a substantial ground for difference of opinion.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that the motion of defendant Department of Energy to dismiss this action as to it, or in the alternative, to be dropped as a party, is hereby denied.

## ON PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

The court hereby adopts the following findings of fact and conclusions of law with respect to the motion of plaintiff Naph-Sol Refining Company to amend its complaint in this action:

*FINDINGS OF FACT*

(1) This action was commenced by plaintiff Naph-Sol Refining Company against defendant Cities Service Oil Company and defendant Department of Energy on February 21, 1978.

(2) In this action, plaintiff seeks to recover alleged price overcharges and attorneys' fees resulting from sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of defendant Department of Energy.

(3) On September 15, 1976, plaintiff instituted another action against Cities Service Oil Company in this court, Civil Action No. G76–451, in which plaintiff sought to recover treble damages and attorneys' fees with respect to alleged price overcharges on sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of the Department of Energy.

(4) During January 1979, pursuant to this court's Order dated December 13, 1978, entered in the previous action, plaintiff Naph-Sol Refining Company conducted extensive documentary discovery.

(5) On May 2, 1979 plaintiff filed a motion for leave to file an amended complaint in this action, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

(6) The proposed amended complaint would add a third cause of action alleging price discrimination by defendant Cities Service Oil Company in violation of the Robinson-Patman Act, 15 U.S.C. § 13, and seeking treble damages pursuant to the Clayton Act, 15 U.S.C. § 15.

(7) In all other respects, the proposed amended complaint is identical with the original complaint.

*CONCLUSIONS OF LAW*

■ (1) Plaintiff has not been guilty of undue delay, bad faith or other dilatory motives in seeking leave to amend its complaint.

(2) No prejudice will result to defendant Cities Service Oil Company by granting plaintiff leave to amend its complaint.

(3) No delay in the trial of this action will result from granting plaintiff leave to amend its complaint.

(4) The claim asserted in the third cause of action in plaintiff's amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original pleading.

(5) Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the amended complaint should relate back to February 21, 1978, the date the original complaint was filed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff's motion for leave to file its amended complaint is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the proposed amended complaint tendered with plaintiff's motion for leave to file an amended complaint be, and hereby is, filed as plaintiff's amended complaint herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Cities Service Oil Company shall have twenty days from the date of this order to file its answer to the amended complaint.

## ON MOTION OF DEFENDANT CITIES SERVICE OIL COMPANY FOR JUDGMENT ON THE PLEADINGS

The court hereby adopts the following findings of fact and conclusions of law with respect to the motion of defendant Cities Service Oil Company for judgment on the pleadings in this action:

### FINDINGS OF FACT

(1) This action was commenced by plaintiff Naph-Sol Refining Company against defendant Cities Service Oil Company and defendant Department of Energy on February 21, 1978.

(2) In this action, plaintiff seeks to recover alleged price overcharges and attorneys' fees resulting from sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of defendant Department of Energy.

(3) On September 15, 1976, plaintiff instituted another action against Cities Service Oil Company in this court, Civil Action No. G76–451, in which plaintiff sought to recover treble damages and attorneys' fees with respect to alleged price overcharges on sales of motor gasoline by defendant Cities Service Oil Company to plaintiff at prices allegedly in excess of those permitted by the Mandatory Petroleum Price Regulations of the Department of Energy.

(4) The complaints in both actions relate to the same sales of motor gasoline by defendant Cities Service Oil Company to plaintiff beginning in January 1974 and continuing to the present date.

(5) There has been no final judgment in either action.

(6) On May 25, 1978, defendant Cities Service Oil Company moved for judgment on the pleadings in this action, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The grounds for such motion are stated to be that plaintiff has impermissibly split a single cause of action into two suits and that the applicable statute of limitations bars recovery of damages which arose on or before February 21, 1978.

### CONCLUSIONS OF LAW

(1) In *Ashland Oil Co. of California v. Union Oil Co. of California*, 567 F.2d 984 (Em.App.1977), *cert. denied*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), the Temporary Emergency Court of Appeals held that Section 210 of the Economic Stabilization Act creates separate and distinct causes of action for compensatory damages and exemplary damages and that either type of relief could be sought in a single action or in separate actions.

(2) For these reasons, the motion of defendant Cities Service Oil Company for judgment on the pleadings on the ground that plaintiff has impermissibly split its cause of action is without merit.

(3) Neither the Emergency Petroleum Allocation Act nor Section 210 of the Economic Stabilization Act contains a statute

of limitations. In such circumstances, a federal court should apply the most analogous state law if it is consistent with the underlying policies of the federal statute. *Ashland Oil Co. of California v. Union Oil Co. of California, supra.*

(4) The most analogous state statute of limitations to an action to recover compensatory damages under Section 210 of the Economic Stabilization Act is Section 600.-5813 of the Michigan Statutes Annotated, which prescribes a six year period of limitations for personal actions where no other limitation period is stated in the applicable statute. *Walper v. Knowles,* 295 Mich. 687, 295 N.W. 363 (1940); *Sweet v. Shreve,* 262 Mich. 432, 247 N.W. 711 (1933); *Case v. Goren,* 43 Mich.App. 673, 204 N.W.2d 767 (1972); *Fries v. Holland Hitch Co.,* 12 Mich. App. 178, 162 N.W.2d 672 (1968); *Schreiber v. Loew's Inc.,* 147 F.Supp. 319 (W.D.Mich. 1957); *Schram v. Lucking,* 31 F.Supp. 749 (E.D.Mich.1940), *affirmed,* 117 F.2d 160 (6th Cir. 1941).

(5) The two year limitation prescribed by Section 600.5811 of Michigan Statutes Annotated is not the most closely analogous state statute of limitations because it is specifically applicable only to actions for overcharges against common carriers transporting goods in intrastate commerce.

[6] (6) The private cause of action created by Section 210 of the Economic Stabilization Act was intended to favor private enforcement and surveillance of the price control regulations. In *Ashland Oil Co. of California v. Union Oil Co. of California, supra,* the Temporary Emergency Court of Appeals held that it would be inconsistent with public policy to apply a one year statute of limitations to an action for compensatory damages under Section 210 of the Economic Stabilization Act. Similarly, it would be inconsistent with public policy to apply a two year statute of limitations to the recovery of compensatory damages in this action.

(7) Because plaintiff seeks in this action to recover compensatory damages for overcharges beginning in January 1974, and this action was commenced within six years

thereafter, no portion of plaintiff's claim for relief is barred by the applicable state statute of limitations.

(8) For these reasons, the motion of defendant Cities Service Oil Company for judgment on the pleadings on the ground that the statute of limitations bars recovery of damages which arose on or before February 21, 1978 is without merit.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of defendant Cities Service Oil Company for judgment on the pleadings in this action is hereby denied.