James **BOND, t/a Bond Texaco, Inc., et al., Plaintiffs,**

v.

**TEXACO, INC., Defendant.**

**Civ. A. No. 83–0593.**

United States District Court, District of Columbia.

Oct. 8, 1986.

---

Jerry S. Cohen, Kohn, Milstein, Cohen & Hausfeld, Washington, D.C., for plaintiffs.

David A. Luttinger, White Plains, N.Y., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This is an action for money damages under § 210 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note (1982) ("ESA"), as incorporated in the Emergency Petroleum Allocation Act of 1973 ("EPAA"), 15 U.S.C. §§ 751–760h (1982). Plaintiff James Bond, t/a Bond Texaco, Inc. ("Bond"), a Georgia service station owner, instituted this suit on March 1, 1983, on behalf of himself and all other similarly situated gasoline retailers, seeking to recover treble or actual damages resulting from alleged overcharges by defendant Texaco, Inc. ("Texaco"), a Delaware corporation, in the sale of domestic crude oil between August 19, 1973, and September 1, 1976, in violation of regulations of the United States Department of Energy and its predecessors (collectively referred to as "DOE") promulgated pursuant to ESA. The case is currently before the Court on plaintiffs' motion for partial summary judgment and on defendant's cross-motion for summary judgment of dismissal on limitations and standing grounds.

For the reasons set forth below, defendant's motion will be granted and the complaint dismissed as barred by the statute of limitations the Court finds to be applicable to the cause of action asserted.

## I.

The following chronological facts, relevant to defendant's dispositive motion, are not in dispute. Texaco's alleged violations of the so-called "Property Pricing Rule," [1] which allegedly began in August, 1973, and continued until September, 1976, apparently went undiscovered until 1978, at which time the Office of Special Counsel for the DOE issued a Notice of Probable Violation ("NOPV"), drawing attention to, *inter alia*, sales by Texaco of crude oil produced from its Louisiana properties at prices allegedly in excess of the lawful maximum selling price. Subsequently, on May 1, 1979, the DOE presented a "proposed remedial order" to Texaco, based in part upon the 1978 NOPV.

On March 1, 1983, five years after DOE issued its NOPV and nearly four years subsequent to the proposed remedial order, Bond filed this action for "restitution, injunctive and declaratory relief and to recover treble damages or actual damages, as a result of willful or other overcharges by defendant Texaco, Inc. in the sale of domestic crude oil in violation of regulations promulgated by [DOE] and its predecessor agencies under the authority of [ESA] ... and subsequent enactments of Congress." Complaint ¶ 1. Plaintiff purports to sue on behalf of himself and "[a]ll independent (non-integrated) retailers of motor gasoline who are members of any affiliate organization of the Service Station Dealers of America or its predecessor, the National Congress of Petroleum Retailers, and who purchased gasoline during all or part of the period beginning August 19, 1973, and ending September 1, 1976." Stipulation as to Class Definition and Certification ¶ 2(a).[2]

## II.

Texaco asserts that plaintiff's claims are barred under each of several potentially applicable statutes of limitations. There is no statute of limitations in § 210 of the ESA, but it is now definitively established law that, in the absence of a specific period of limitations provided by Congress for a federal cause of action, federal courts are to apply the most closely analogous state statute of limitations, *see* *Gulf Oil Corp. v. Dyke*, 734 F.2d 797, 808 (TECA), *cert. denied*, 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984); *Johnson Oil Co. v. DOE*, 690 F.2d 191, 196 (TECA 1982), the only qualification being that the result not be inconsistent with national policy. *United Parcel Serv. v. Mitchell*, 451 U.S. 56, 60–61, 101 S.Ct. 1559, 1562–1563, 67 L.Ed.2d 732 (1981) *overruled on other grounds*, *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (federal law must be applied if there is no closely analogous state law); *Dyke*, 734 F.2d at 808–09; *Johnson*, 690 F.2d at 196. Moreover, it is equally well-settled that, absent a federal limitations period, federal courts generally borrow the law of limitations of the state in which the federal trial court sits. *See, e.g.*,

---

1. This rule was initially instituted by the Cost of Living Council in 1973 and recodified as part of the "Mandatory Petroleum Allocation Regulations," 10 C.F.R. Parts 211 & 212 (1986).

2. It is also undisputed that neither the named plaintiff nor any member of the purported class ever purchased crude oil directly from Texaco. In the alternative, therefore, defendant argues that such plaintiffs are without standing to sue under ESA. The Temporary Emergency Court of Appeals ("TECA"), the appellate court to which an appeal from this Court will lie, *see* § 211(b)(2) of the ESA, has specifically held that plaintiffs asserting claims under § 210 must be "direct purchasers" of the petroleum products on which overcharges were made. *See, e.g., Gulf Oil Corp. v. Dyke*, 734 F.2d 797, 807 (TECA 1984); *Stertz v. Gulf Oil Corp.*, 685 F.2d 1367, 1369 & n. 3 (TECA 1981). The plaintiff and his fellow class-member retailers purchased gasoline and other refined petroleum products from independent refiners who had earlier purchased crude oil directly from Texaco. However, because the Court finds plaintiff's claims to be time-barred under the applicable statute of limitations, it is unnecessary to reach the issue of standing.

*Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389 n. 29, 47 L.Ed.2d 668 (1976); *Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071, 1093–94 (D.C. Cir.1984); *Forrestal Village, Inc. v. Graham,* 551 F.2d 411, 413 (D.C.Cir.1977).

The federal cause of action under § 210 of ESA most closely resembles those District of Columbia causes of action addressed by D.C.Code Ann. § 12–301(5), (7) and (8) (1981), limiting, respectively, the time within which to sue upon statutory penalties, contracts, and other miscellaneous causes of action for which a limitations period is not otherwise prescribed.[3] There is ample authority supporting the proposition that each of these provisions may be considered "analogous" to an action under § 210 seeking treble and/or actual damages stemming from alleged crude oil overcharges. In *Ashland Oil Co. v. Union Oil Co.,* 567 F.2d 984, 991 (TECA 1977), *cert. denied,* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), TECA affirmed the application of a one-year statute of limitations for forfeitures and penalties, similar to D.C.Code § 12–301(5), as analogous to a § 210 claim for treble damages. *See also Hatoff v. Texaco, Inc.,* No. 76–1471–K, slip op. at 14 (D.Mass. March 28, 1985); *Colorado Petroleum Products Co. v. Husky Oil Co.,* 646 F.2d 555, 558 (TECA 1981). Similarly, courts have acknowledged the contractual aspects of a § 210 claim. *See Hatoff,* slip op. at 13. And a number of courts have resorted to general "catch-all" statutes of limitations similar to D.C.Code § 12–301(8) where no other more specific limitations period appears to obtain. *See, e.g., Naph-Sol Refining Co. v. Murphy Oil Corp.,* 550 F.Supp. 297, 305–06 (W.D.Mich. 1982); *aff'd in part and rev'd in part on other grounds sub nom. Mobil Oil Corp.*

*v. DOE,* 728 F.2d 1477 (TECA 1983), *cert. denied sub nom. Murphy Oil Corp. v. Naph-Sol Refining Co.,* 467 U.S. 1255, 104 S.Ct. 3545, 82 L.Ed.2d 849 (1984); *Naph-Sol Refining Co. v. Cities Serv. Oil Co.,* 506 F.Supp. 77, 82–83 (W.D.Mich.1980).

■ Texaco's crude oil having been produced from oil fields in Louisiana, plaintiffs maintain that this Court should eschew all of the three apposite District of Columbia limitations periods in favor of Louisiana's ten-year limitation for actions on quasicontract, *see* La.Civ.Code Ann. art. 3499 (West Supp.1986), citing as authority for doing so TECA's own decision in *Dyke.* In *Dyke,* however, TECA "borrowed" the forum state's choice-of-law rules which, by state statute, "borrowed" in turn foreign limitations law in suits between non-residents upon causes of action arising elsewhere. 734 F.2d at 808. Not only does the District of Columbia have no such statute, the District's judicially declared choice-of-law rule is to the contrary. *See Steorts v. American Airlines, Inc.,* 647 F.2d 194, 196 (D.C. Cir.1981); *Hoffa v. Fitzsimmons,* 673 F.2d 1345, 1360 (D.C.Cir.1982). This Court is thus constrained to apply the most appropriate District of Columbia statute of limitations, even under the most liberal of which this action is time-barred unless national policy dictates to the contrary.[4]

■ TECA has consistently held that statutes of limitation with durations of less than three years are not inconsistent with national energy policy. As the Court stated in *Dyke,* "[w]e have already held that '[a] two-year statute is certainly not inconsistent with national energy policy seeking to wind up regulation of the oil industry— "temporary" *ab initio.*'" 734 F.2d at 808

---

**3.** D.C.Code § 12–301 reads, in relevant part:

Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:

. . . . . .

(5) for a statutory penalty or forfeiture—1 year;

. . . . . .

(7) on a simple contract, express or implied —3 years;
(8) for which a limitation is not otherwise specially prescribed—3 years; . . . .

**4.** Because plaintiff is manifestly unable to meet even the longer three-year period provided under D.C.Code §§ 12–301(7) and (8), it is not necessary for the Court to determine which category—forfeiture, contract or "catch-all"—this action most nearly resembles.

(quoting *Johnson Oil Co. v. DOE*, 690 F.2d 191, 196 (TECA 1982)). *See also Ashland Oil Co.*, 567 F.2d at 990–91; *Siegel Oil Co. v. Gulf Oil Corp.*, 701 F.2d 149, 152 (TECA 1983). *A fortiori* the District of Columbia's three-year statute of limitations is not inconsistent with the same policy, as discerned by TECA, by the decisions of which this Court is bound. *See* § 211(b)(2) of ESA.

Plaintiffs argue, in essence, that TECA based its decision in *Johnson* and *Dyke* on its determination of *current* national energy policy and not on the policy underlying Congress' initial enactment of ESA in 1970. This Court is not positioned, however, to second-guess the wisdom of TECA's determination of which national policy is to govern temporally, a question better left for TECA itself to resolve if and when an appeal is taken from the decision of this Court.

The District of Columbia recognizes the so-called "discovery" rule as to the inception of the limitations period, i.e., the cause of action accrues for limitations purposes not when the injury first occurred, but when the plaintiff discovered, or by the exercise of due diligence should have discovered, the facts giving rise to a claim. *See, e.g., Kelton v. District of Columbia*, 413 A.2d 919, 921 (D.C.1980); *Dawson v. Eli Lilly & Co.*, 543 F.Supp. 1330, 1333 (D.D.C.1982). Plaintiff Bond, through the exercise of due diligence, could and should have discovered the facts upon which his claim is based at the time DOE issued its NOPV in 1978, and certainly no later than May 1, 1979, the date DOE presented a proposed remedial order to Texaco. Because the plaintiff failed to file his complaint until March 1, 1983, nearly four years thereafter, the Court concludes that the complaint is barred by any of the several potentially applicable District of Columbia statutes of limitations.

Therefore, for all of the foregoing reasons, it is, this 7th day of October, 1986,

ORDERED, that defendant's motion for summary judgment is granted, plaintiff's motion for partial summary judgment de-

nied as moot, and the complaint dismissed with prejudice.